COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Chafin and Russell
Argued at Salem, Virginia

STEVEN LEE HODGES

                                                    OPINION BY
v.        Record No. 1243-14-3          JUDGE WESLEY G. RUSSELL, JR.
                                                    MAY 5, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FLOYD COUNTY
Marcus H. Long, Jr., Judge

Cerid E. Lugar (Copenhaver, Ellett & Derrico, on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General; Steven A. Witmer, Senior Assistant Attorney
General, on brief), for appellee.

Steven Lee Hodges, appellant, was convicted in a bench trial of driving while his license has

been suspended in violation of Code § 46.2-301 and of misdemeanor possession of a concealed

weapon in violation of Code § 18.2-308.  On appeal, he challenges the sufficiency of the evidence

to prove the violation of Code § 46.2-301 and argues that the trial court misapplied a statutory

exception in convicting him pursuant to Code § 18.2-308.  For the reasons stated, we affirm his

conviction for driving while his license has been suspended, but reverse the conviction for

possession of a concealed weapon and dismiss that charge against him.

FACTS[1]

"'Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below.'"  Smallwood

---

[1] Pursuant to Rule 5A:8(c), the trial court approved a written statement of facts in lieu of

v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and internal quotation marks omitted).

So viewed, the evidence establishes that, on December 5, 2013, Federal Park Service Officer Pete Schula observed appellant's car parked at Cahas Knob Overlook on the Blue Ridge Parkway in an area not designated for parking. Officer Schula approached the vehicle and found appellant asleep behind the wheel with the engine running. After backup officers arrived, Officer Schula opened the passenger side door, turned off the engine, and removed the keys from the ignition. Appellant woke up and was told to place his hands on the steering wheel. Appellant then was taken out of the vehicle and placed in handcuffs.

Officers searched the vehicle and located a handgun inside the center console. The barrel was pointing down, and the handgrip was covered by a large plastic cup. Officer Schula recalled that the console's lid was closed when he turned off the engine, but he could not remember "if the console had a latch or a lock." Appellant did not have a concealed weapon permit.

At trial, the Commonwealth introduced a Department of Motor Vehicles printout of appellant's driving history without objection. The printout indicated that appellant's driver's license was suspended and that appellant had been notified of the suspension "BY LAW ENFORCEMENT" before December 5, 2013. It also bore the certificate of the Commissioner of the Department of Motor Vehicles referenced in Code § 46.2-416.

At the close of the evidence, appellant moved to strike the evidence on the driving charge, arguing that the DMV transcript alone was insufficient to prove that he had received

notice of the suspension. The trial court disagreed and convicted appellant of driving on a suspended license.

Appellant also moved to strike the evidence as to the handgun arguing that he was allowed to transport the gun in the console pursuant to the exception found in Code § 18.2-308(C)(10), which exempts from the concealed weapons prohibition "[a]ny person who may lawfully possess a firearm and is carrying a handgun while in a personal, private motor vehicle or vessel and such handgun is secured in a container or compartment in the vehicle or vessel." The trial court found that the gun was not "secured . . . [because] defendant's gun was immediately accessible to defendant and the cup over the gun showed the gun was intentionally hidden." The trial court convicted appellant of carrying a concealed weapon.

This appeal followed.

ANALYSIS

Suspended License

Appellant argues that the evidence was insufficient to sustain his conviction for driving while his license has been suspended. As such, we review the conviction "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (internal quotation marks omitted). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1, 10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas, 48 Va. App. at 608, 633 S.E.2d at 231).

Code § 46.2-301 provides in relevant part:

> [N]o resident or nonresident (i) whose driver's license . . . or privilege to drive a motor vehicle has been suspended or revoked . . . shall thereafter drive any motor vehicle or any self-propelled machinery or equipment on any highway in the Commonwealth until the period of such suspension or revocation has terminated or the privilege has been reinstated . . . .

In order to convict appellant of violating Code § 46.2-301, the Commonwealth must prove that appellant previously had received actual notice that his license had been suspended when he drove on December 5, 2013. Bibb v. Commonwealth, 212 Va. 249, 250, 183 S.E.2d 732, 733 (1971) (decided under former Code §§ 46.1-350 and 46.1-423.1). Appellant argues on appeal that the DMV transcript, standing alone, did not show that he had actual knowledge of his suspension.

Appellant relies primarily on Bishop v. Commonwealth, 275 Va. 9, 654 S.E.2d 906 (2008). There, the Commonwealth introduced Bishop's driving record from DMV as proof that Bishop received notice regarding his status as an habitual offender. The record indicated that Bishop had been notified "by law enforcement." Id. at 12, 654 S.E.2d at 907. However, the record did not contain an entry indicating that Bishop had been declared an habitual offender, but rather, only an entry that he had been notified of an "HO DETERMINATION PROCESS." Id. In finding that the driving record did not provide sufficient evidence to convict Bishop of driving after having been

- 4 -

declared an habitual offender, the Court noted that the reference to an habitual offender determination process was "confusing and does not contain any information about Bishop's status as an habitual offender." Id. at 14, 654 S.E.2d at 908.

The instant case is distinguishable from Bishop. First, unlike the confusing entry on the driving record in Bishop, the entry in this case is clear: appellant was "NOTIFIED . . . BY LAW ENFORCEMENT" on September 3, 2013, that his license had been suspended. There being no analogous ambiguity in this case, the reasoning of Bishop does not control.

Furthermore, unlike in Bishop, the Commonwealth here relies on the provisions of Code § 46.2-416(A), which provides, in pertinent part, that:

> If the certificate of the Commissioner or someone designated by him for that purpose shows that the notice or copy has been so sent or provided, it shall be deemed prima facie evidence that the notice or copy has been sent and delivered or otherwise provided to the driver for all purposes involving the application of the provisions of this title.

Given the lack of ambiguity in the record itself and the General Assembly's direction in Code § 46.2-416 that the certified driving record in this case is "prima facie evidence" of the violation of Code § 46.2-301, the evidence at trial was sufficient to allow the factfinder to conclude that the Commonwealth had proven that appellant was guilty of driving on a suspended license after having previously been notified of the suspension. Accordingly, we affirm appellant's conviction for violation of Code § 46.2-301.

Concealed Weapon

In challenging his conviction for possession of a concealed weapon, appellant argues that "[t]he trial court erred in finding the evidence sufficient to convict [appellant] of possession of a concealed weapon when the weapon was located in a secured compartment in [appellant's] vehicle." In essence, appellant argues that the trial court, under the facts adduced at trial, misapplied a statutory exception to the prohibition on carrying a concealed weapon. As such, the argument

presents a mixed question of law and fact, which we review *de novo* on appeal. Nelson v.

Commonwealth, 281 Va. 212, 215, 707 S.E.2d 815, 816 (2011) (noting that whether evidence

established that defendant operated a motor vehicle within the meaning of a statutory prohibition is

a mixed question of law and fact).

Code § 18.2-308(A) provides, in pertinent part, that "[i]f any person carries about his

person, hidden from common observation, (i) any pistol, revolver, or other weapon designed or

intended to propel a missile of any kind by action of an explosion of any combustible material

. . . he is guilty of a Class 1 misdemeanor." "Prior to 2010, unless a limited exception applied,

this restriction precluded the transportation of a handgun in a concealed manner in a vehicle,

including instances where the firearm was stored in a glove compartment or center console."

2012 Op. Va. Att'y Gen. 90, 91 (citations omitted). This Court held that the prohibition applied

even to a handgun transported in a car's center console that was locked, reasoning that the

console is close enough to the driver for the weapon to be deemed readily accessible. Leith v.

Commonwealth, 17 Va. App. 620, 623, 440 S.E.2d 152, 154 (1994).

In 2010, however, the General Assembly enacted Code § 18.2-308(B)(10) as an

additional exception to the general prohibition of Code § 18.2-308(A). That exception, which is

now codified as Code § 18.2-308(C)(10), provides that Code § 18.2-308(A)'s prohibition on

carrying a concealed weapon "shall not apply to . . . [a]ny person who may lawfully possess a

firearm and is carrying a handgun while in a personal, private motor vehicle or vessel and such

handgun is secured in a container or compartment in the vehicle or vessel . . . ."[2] Thus, it is not a

violation of Code § 18.2-308(A) to carry a handgun in a car's glove compartment or console so

long as the gun is "secured."

_____

[2] The exception is subject to an exception. A person may not avail himself of the
protection of Code § 18.2-308(C)(10) if he is engaging in the prohibited conduct delineated in
Code § 18.2-308.012(A).

We addressed the new exception in <u>Doulgerakis v. Commonwealth</u>, 61 Va. App. 417, 737 S.E.2d 40 (2013). In <u>Doulgerakis</u>, the defendant was charged with carrying a concealed weapon after a handgun was found in the glove compartment of the car he was driving. The glove compartment was "closed and latched, but not locked." <u>Id.</u> at 418, 737 S.E.2d at 41. Reviewing the legislative history that led to the enactment of the exception, the Court determined that "locked" and "secured" were not synonymous, and therefore, a weapon did not have to be in a locked container within the vehicle to fit within the exception. <u>Id.</u> at 420-21, 737 S.E.2d at 42. The Court then defined "secured" as "in safekeeping or custody" or "well-fastened." <u>Id.</u> at 422, 737 S.E.2d at 42.

Appellant argues that the gun in this case was located inside a closed console, and therefore, the handgun was "secured" pursuant to the statutory exception as explained by this Court in <u>Doulgerakis</u>. The Commonwealth responds that "closed" is not synonymous with "secured." Furthermore, the Commonwealth argues that once the evidence proved that appellant possessed a concealed weapon, the burden shifted to appellant to establish that his possession fell within the statutory exception of Code § 18.2-308(C)(10).

Consistent with <u>Doulgerakis</u>, we agree with the Commonwealth that "secured" is not synonymous with "closed." To fall within the exception, the container within the vehicle must not only be closed, but also must be latched or otherwise fastened. However, that does not resolve the matter before us.

As noted above, the trial court found that the gun was not secured; however, it based the finding on its conclusion that "defendant's gun was immediately accessible to defendant and the cup over the gun showed the gun was intentionally hidden."[3] Given the statutory exception, it

---

[3] The trial court's finding that the gun was "intentionally hidden" is irrelevant. Almost all concealed weapons will have been concealed intentionally. Accordingly, finding that a

was not sufficient to find that the gun was immediately accessible. Although that would have been sufficient before 2010, Leith, 17 Va. App. 620, 440 S.E.2d 152, the exception added by the General Assembly in 2010 requires a change in the analysis.

From the words chosen, it is clear that the General Assembly's intention in enacting the new exception in 2010 was to supersede Leith and similar cases. As we noted in Doulgerakis, "the legislature, by adopting the exception relevant here, determined that a weapon 'secured in a container or compartment in the vehicle' was not 'readily accessible for use or surprise if desired.'" Doulgerakis, 61 Va. App. at 421, 737 S.E.2d at 42. Accordingly, it was error for the trial court to utilize the Leith rationale as its reason for concluding that the handgun was not secure for the purposes of Code § 18.2-308(C)(10).

Having found that the trial court erred in its analysis, we turn to the Commonwealth's second argument – that once the evidence proved that appellant possessed a concealed weapon, the burden shifted to appellant to establish that his possession fell within the statutory exception of Code § 18.2-308(C)(10).

Review of such questions is governed by principles set forth in our decision in Mayhew v. Commonwealth, 20 Va. App. 484, 458 S.E.2d 305 (1995). In Mayhew, we noted that

> [i]n determining whether specific limiting language is an element of the offense or a statutory defense, a court should look both to the intent of the statute as a whole and *the ability of the respective parties to assert the existence or absence of the underlying facts sustaining the applicability of the limitation.*

---

person intentionally has hidden a weapon tells us nothing about whether the admittedly concealed weapon falls into one of the statutory exceptions.

Id. at 490, 458 S.E.2d at 307-08 (emphasis added). Having set forth the general principles, this Court, citing cases from Pennsylvania and Wisconsin, then listed considerations that should inform the application of the general principles.[4] Id.

We were called upon to weigh these considerations in the concealed weapons context in Foley v. Commonwealth, 63 Va. App. 186, 755 S.E.2d 473 (2014). In Foley, we addressed whether subsection (B) of Code § 18.2-308, which provides that the concealed weapon prohibition "shall not apply to any person while in his own place of abode or the curtilage thereof . . . ," is a statutory defense to subsection (A) or, alternatively, a negative element of subsection (A) that the Commonwealth must prove. This Court held that subsection (B) of Code § 18.2-308 provides a statutory defense to carrying a concealed weapon for which the defendant bears the burden of persuasion. Central to this conclusion was our recognition that whether a person was in his own place of abode or within the curtilage thereof as required by Code § 18.2-308(B) "requires evidence that is peculiarly within the knowledge of the defendant." Foley, 63 Va. App. at 201, 755 S.E.2d at 481 (internal quotation marks and citation omitted).

Many of the exceptions found in Code § 18.2-308's subsections are discussed in Foley; however, the holding of Foley is limited to the specific issue that was then before the Court –

---

[4] The considerations listed in Mayhew are

> "the wording of the exception and its role in relation to the other words in the statute; whether in light of the situation prompting legislative action, the exception is essential to complete the general prohibition intended; whether the exception makes an excuse or justification for what would otherwise be criminal conduct, i.e., sets forth an affirmative defense; and whether the matter is peculiarly within the knowledge of the defendant."

20 Va. App. at 490, 458 S.E.2d at 308 (quoting Commonwealth v. Stoffan, 323 A.2d 318, 324 (Pa. Super. 1974)). Whether labeled "considerations" or "factors," it is important to recognize that these elements are not part of a mechanical test to be applied. Rather, they are items to be considered in analyzing the issue.

whether a defendant or the Commonwealth bears the burden of persuasion when a defendant seeks to invoke the protections of Code § 18.2-308(B). None of the other statutory exceptions were before the Court. Accordingly, while Foley is instructive, it does not resolve the issue presently before us; specifically, whether a defendant or the Commonwealth bears the burden of persuasion when a defendant seeks to invoke the protections of Code § 18.2-308(C)(10).

Applying the principles of Mayhew to Code § 18.2-308(C)(10) leads to the conclusion that the Commonwealth ultimately bears the burden to establish that the allegedly concealed weapon was not secured in a container within the vehicle.

Unlike the issue in Foley, the evidence required to establish whether a gun is secured within a console is not "peculiarly within the knowledge of the defendant." Foley, 63 Va. App. at 201, 755 S.E.2d at 481 (internal quotation marks and citation omitted). In general, when officers discover a weapon in the center console of a vehicle, they will have knowledge at least equal to that of the defendant as to whether the console was locked, latched or otherwise secured. In this case, the officers had superior knowledge because the officers actually opened the console. Accordingly, despite an officer not being able to recall at trial whether or not the console was latched, the officers possessed that information at the time that the console was opened.[5]

While this distinction is sufficient to support the conclusion that the Commonwealth bears the burden on this issue, a review of the statute as a whole, particularly the circumstances surrounding the enactment of Code § 18.2-308(C)(10), supports the conclusion as well.

---

[5] The written statement in lieu of a transcript indicates that "officers" recovered the gun from the console. The statement does not indicate that the testifying officer, Officer Schula, was the officer who actually removed the weapon or opened the console.

As noted above, the 2010 enactment of this exception represented a significant change in the law of the Commonwealth. Aware of our decisions in Leith and other similar cases,[6] the General Assembly chose to effectively reverse those holdings, making the policy choice that, going forward, a weapon, secured in a container (such as a center console) within a vehicle, would not be considered a concealed weapon for the purposes of Code § 18.2-308. It would be anomalous for the General Assembly to have made such a sweeping change in the law of the Commonwealth only to implicitly place on a citizen the burden of asserting that very change.

Having found that the Commonwealth bore the burden of establishing that the weapon was not secured, it is clear that the evidence at trial was insufficient to support appellant's conviction. The testimony established that the console was closed, but Officer Schula could not recall if the console even had a latch, let alone, whether it was, in fact, latched.[7] With commendable candor, the Commonwealth conceded at argument that, if the Commonwealth bore the burden of establishing that the gun was not secured, the evidence was insufficient to support the conviction. While we are not bound by this concession,[8] the concession, coupled with the silence of the record on the critical question, makes clear that the evidence was insufficient to support appellant's conviction for possessing a concealed weapon in violation of Code § 18.2-308(A). Accordingly, we reverse the conviction and dismiss the charge against appellant.

---

[6] "[W]e assume legislative familiarity with Virginia case law when the legislature enacts a statute which might impact upon that law." Washington v. Commonwealth, 46 Va. App. 276, 281, 616 S.E.2d 774, 777 (2005). Given the legislative language selected, it is clear that, in this instance, the assumption is more than a convenient legal fiction.

[7] A photograph of the console that was introduced into evidence appears to show that the console had a latching mechanism. The record is silent, however, as to whether the console actually was latched.

[8] This Court is "not bound by concessions of law by the parties." Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*), aff'd on other grounds, 273 Va. 410, 641 S.E.2d 77 (2007).

We note that our holding today is a limited one, finding that the Commonwealth bears the burden of establishing that the exemption of Code § 18.2-308(C)(10) does not apply. Nothing we say today affects this Court's prior decision in <u>Foley</u> or suggests that the Commonwealth bears the burden regarding other exceptions found in Code § 18.2-308.

CONCLUSION

For the foregoing reasons, we find the evidence sufficient to sustain appellant's conviction for driving on a suspended license in violation of Code § 46.2-301; however, we reverse his conviction for carrying a concealed weapon in violation of Code § 18.2-308 and dismiss that warrant against him.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and dismissed in part.</u>