COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Decker and Russell
Argued at Chesapeake, Virginia


ROBERT CHRISTOPHER AMES

                                     MEMORANDUM OPINION[*] BY
v.       Record No. 0526-16-1        JUDGE MARLA GRAFF DECKER
                                     NOVEMBER 7, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

Bassel Khalaf, Assistant Public Defender, for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Robert Christopher Ames appeals his convictions for possession of a concealed weapon,

possession of a firearm by a convicted felon, and possession of marijuana, in violation of Code

§§ 18.2-250.1, -308, and -308.2. He argues that the trial court erred by admitting testimony that

he asserted his Fourth Amendment rights as substantive evidence of his guilt. The appellant also

challenges the sufficiency of the evidence to prove that he had constructive possession of the

firearm and marijuana and that the location of the firearm rendered it accessible for immediate

use. For the reasons that follow, we affirm the convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

While on patrol on the evening of August 28, 2014, Officer Spencer Parrish with the

Virginia Beach Police Department detected a strong odor of unburned marijuana as he walked

across a convenience store parking lot to his police car. There was a Honda parked in front of

the store with the driver's side door open. Parrish saw the appellant in the driver's seat "digging

around" inside the center console of the vehicle. The officer returned to his car and told his

partner, Officer Mark Bennett, about the odor. He told Bennett that he believed that the smell

was coming from the appellant's vehicle. They moved the marked police car behind the Honda.

Both Parrish and Bennett, who were in uniform, approached the car. The officers

smelled the odor of marijuana coming from the open driver's door. The appellant was the only

person inside the vehicle, and he continued rummaging in the center console "area." Bennett

identified himself and started talking to the appellant. The appellant got out of the car, turned to

face Bennett, and "slammed" the car door behind him. Officer Bennett asked how much

marijuana was in the car. The appellant's hands shook, his voice trembled, and he was breathing

heavily. He started walking away from the car. At that point, Bennett asked for his

identification. The appellant provided an identification card, although he had difficulty doing so

because his hands were shaking.

Bennett explained to the appellant that he was being detained because of the marijuana

odor coming from the car. The appellant denied that the car smelled like marijuana. Bennett

told the appellant to put his hands behind his back. As the officers took hold of the appellant's

---

[1] Factual findings underlying rulings on the admissibility of evidence are subject to deference upon appellate review unless plainly wrong or without evidence to support them. See Lynch v. Commonwealth, 46 Va. App. 342, 350, 617 S.E.2d 399, 403 (2005), aff'd, 272 Va. 204, 630 S.E.2d 482 (2006). Accordingly, appellate review of admissibility issues, like sufficiency issues, requires this Court to view the evidence in the light most favorable to the Commonwealth as the party prevailing below. See, e.g., Shackleford v. Commonwealth, 262 Va. 196, 200, 547 S.E.2d 899, 901 (2001); Lynch, 46 Va. App. at 345, 617 S.E.2d at 400.

wrists, he tried to pull his hands away from them. The appellant asked why he was being arrested. As Officer Bennett moved the appellant toward the police car, he yelled, "You can't do that. You can't search my car." The appellant tried to run, but Bennett maintained his hold on the appellant's wrist and the handcuffs. Eventually, the officers were able to subdue the appellant.

Parrish and Bennett searched the Honda. Officer Parrish opened the center console and immediately found a loaded Glock handgun. A plastic bag containing marijuana was found in a closed compartment in the center of the dashboard. A digital scale was also recovered. The police learned that the Honda was registered to a female, and they found a Virginia identification card belonging to Taj Haskins in the car.

The appellant was tried on charges of unlawfully carrying a concealed weapon, possessing a firearm after being convicted of a felony, possessing marijuana, and resisting arrest. At the conclusion of the Commonwealth's evidence, the trial court granted the appellant's motion to strike the charge of resisting arrest. The court convicted the appellant of the remainder of the charges. He was sentenced to a total of seven years and thirty days in prison, with all except two years suspended.

## II. ANALYSIS

The appellant argues that the trial court erred by admitting the testimony that he asserted his rights under the Fourth Amendment as substantive evidence of guilt. He also contends that the evidence did not support his convictions.

## A. Admissibility of Testimony

The appellant argues that the trial court erred by admitting testimony that he asked the police officers why he was being "arrested" and that he yelled that they could not search his car. He contends that allowing the Commonwealth to use his assertions of his Fourth Amendment

rights as substantive evidence of his guilt was an impermissible "penalty for asserting a constitutional privilege."[2] The appellant also argues that the statements were more prejudicial than probative in violation of Rule of Evidence 2:403.

The standard of review on appeal is well settled. The "admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Cousins v. Commonwealth, 56 Va. App. 257, 272, 693 S.E.2d 283, 290 (2010) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). "This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." Thomas v. Commonwealth, 62 Va. App. 104, 111-12, 742 S.E.2d 403, 407 (2013) (quoting Hamad v. Hamad, 61 Va. App. 593, 607, 739 S.E.2d 232, 239 (2013)). A reviewing court can conclude that "an abuse of discretion has occurred" only in cases in which "reasonable jurists could not differ" about the correct result. Commonwealth v. Swann, 290 Va. 194, 197, 776 S.E.2d 265, 268 (2015) (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)). "[B]y definition," however, a trial court "abuses its discretion when it makes an error of law." Coffman v. Commonwealth, 67 Va. App. 163, 166, 795 S.E.2d 178, 179 (2017) (quoting Commonwealth v. Greer, 63 Va. App. 561, 568, 760 S.E.2d 132, 135 (2014)).

The appellant argues that the challenged statements could not be used as substantive evidence of his guilty knowledge of the presence of the contraband in the car any more than an accused's exercise of his or her Fifth Amendment right to remain silent can be used as evidence of guilt. See Griffin v. California, 380 U.S. 609, 615 (1965) (holding that the prosecution may not comment on "the accused's silence" and that the trial court cannot instruct the jury that "such

_____

[2] The appellant's question "why" he was "under arrest" was not an assertion of a right. However, to the extent that it could be considered as such, we address it jointly with his statement that the police could not search his car.

silence is evidence of guilt"). He suggests that assertions of Fourth Amendment rights are *per se* inadmissible evidence but provides no applicable legal authority supporting this proposition.[3] We see no basis for creation of such a *per se* rule.

The appellant also contends that the challenged statements were inadmissible under the traditional probative versus prejudice framework because the trial court failed to adequately consider the unfairly "prejudicial effect of penalizing" him for asserting his Fourth Amendment rights. Generally, relevant evidence should be excluded only if "the probative value of the evidence is *substantially outweighed* by . . . the danger of unfair prejudice."[4] Commonwealth v. Proffitt, 292 Va. 626, 635, 792 S.E.2d 3, 7 (2016) (alteration in original) (quoting Va. R. Evid. 2:403(a)). "In determining whether relevant evidence should be admitted, the trial court must apply a balancing test to assess the probative value of the evidence and any undue prejudicial effect of that evidence." McCloud v. Commonwealth, 269 Va. 242, 257, 609 S.E.2d 16, 24 (2005). "Virginia law . . . intervenes only when the alleged prejudice tends to inflame irrational emotions or leads to illegitimate inferences." Thomas v. Commonwealth, 44 Va. App. 741, 758, 607 S.E.2d 738, 746, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005); see, e.g., Turner v. Commonwealth, 65 Va. App. 312, 330, 777 S.E.2d 569, 578 (2015) (holding that

---

[3] The out-of-state and federal cases cited by the appellant are not applicable here because they arose in the context of probable cause and reasonable suspicion determinations. See United States v. Alexander, 835 F.2d 1406, 1409 n.3 (11th Cir. 1988) (noting that the defendant's refusal to consent to a search was not probative in determining whether the circumstances established probable cause to search); State v. Brown, 825 P.2d 282, 285 (Or. 1992) (holding that an individual's assertion of his Fourth Amendment rights did not provide "reasonable grounds to search" his car); State v. Gressel, 554 P.2d 1014, 1016 (Or. 1976) ("[A] suspicion . . . aroused merely on the basis of an assertion of one's constitutional rights[] can play no part in creating probable cause for a search."); see also United States v. Wilson, 953 F.2d 116, 126 (4th Cir. 1991) (holding that the defendant's refusal of the police request to search did not justify the investigative stop).

[4] The appellant does not contend that the challenged statements were irrelevant, nor does he argue that they were inadmissible hearsay.

the probative value of the evidence of mail addressed to the defendant found "near the drugs and other evidence of drug distribution" was not "substantially outweighed by any prejudice" to him).

The appellant's question why he was arrested was not prejudicial; it did not tend to "inflame irrational emotions" or give rise to "impermissible inferences," particularly in the context of a bench trial.[5]  Thomas, 44 Va. App. at 758, 607 S.E.2d at 746.  To the extent that the appellant's question of why he was "arrested" and his declaration that the police officers could not search his car supported the inference that the appellant knew that he had contraband in the car, that incidental prejudice was outweighed by the evidence's probative value.  See generally Thomas, 44 Va. App. at 758, 607 S.E.2d at 746; Burchette v. Commonwealth, 15 Va. App. 432, 438, 425 S.E.2d 81, 85 (1992) (holding that the defendant's refusal to give consent for police officers to search the car was not sufficient to prove that he had constructive possession of the contraband in the car).  It is clear from the record that the trial court was aware of its responsibility to weigh the probative value against the prejudicial effect of the evidence and did so.

The Commonwealth sought to prove the sequence of events underlying the charge of resisting arrest as well as the appellant's connection to the car.  The appellant's question why he was "arrest[ed]" was relevant to the charge of resisting arrest.  In addition, his declaration that the officers could not search "his" car was probative of his connection to the vehicle and consequently relevant to the charges relating to possession of the contraband inside it.  See Burchette, 15 Va. App. at 435, 425 S.E.2d at 83 (noting that "[o]wnership or occupancy of a

---

[5] "[A] judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments" in evidence.  Smith v. Commonwealth, 280 Va. 178, 184, 694 S.E.2d 578, 581 (2010) (quoting Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981)).

vehicle" where illicit materials are found is relevant to proving constructive possession). In light of the probative value of the challenged evidence, the trial court reasonably concluded that the probative value of the statements outweighed the danger of any incidental prejudice.[6] Consequently, the trial court acted within its discretion by admitting the challenged testimony.

## B. Sufficiency of the Evidence

The appellant argues that the evidence was insufficient to support his convictions because the Commonwealth did not prove beyond a reasonable doubt that (1) he constructively possessed the firearm or marijuana and (2) he concealed the firearm while maintaining its accessibility.

In the context of review of the sufficiency of the evidence, this Court upholds "the conviction unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001). In addition, we view the record in the light most favorable to the Commonwealth, the prevailing party at trial. Sierra v. Commonwealth, 59 Va. App. 770, 774, 722 S.E.2d 656, 657 (2012). To do so, we "discard the evidence of the accused in conflict with that of the Commonwealth." Dickerson v. Commonwealth, 58 Va. App. 351, 357, 709 S.E.2d 717, 720 (2011) (quoting Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009)). The Court also accepts as true all the credible evidence favorable to the prosecution as well as all fair inferences in support of the conviction that may be drawn from the record. Id.

Further, if the evidence is sufficient to support the conviction, the reviewing appellate court will not "substitute its own judgment for that of the trier of fact, even if its opinion might differ from the conclusions reached by the [fact finder]." Jordan v. Commonwealth, 286 Va. 153, 156-57, 747

---

[6] In light of this holding, we do not address whether the alleged error was harmless. See generally Blackman v. Commonwealth, 45 Va. App. 633, 639 n.1, 613 S.E.2d 460, 463 n.1 (2005) (noting that the affirmance of the appeal on the merits rendered analysis of the Commonwealth's harmless error argument unnecessary).

S.E.2d 799, 800 (2013). The appellant was tried by the circuit court, sitting without a jury. Consequently, that court was the fact finder, and its judgment is afforded the "same weight as a jury verdict." Goode v. Commonwealth, 52 Va. App. 380, 384, 663 S.E.2 532, 534 (2008) (quoting Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991)).

## 1. Constructive Possession

The Commonwealth may prove possession of contraband by showing either actual or constructive possession. See Smallwood v. Commonwealth, 278 Va. 625, 629-30, 688 S.E.2d 154, 156 (2009). Constructive possession principles apply equally to considering possession of a firearm and possession of illegal drugs. See id. "Establishing constructive possession requires proof 'that the defendant was aware of both the presence and character of the [item] and that it was subject to his dominion and control.'" Watts v. Commonwealth, 57 Va. App. 217, 232-33, 700 S.E.2d 480, 488 (2010) (alteration in original) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). The Commonwealth is not required to prove that the appellant's possession was exclusive. Smallwood, 278 Va. at 630, 688 S.E.2d at 156.

The "issue [of what constitutes constructive possession] is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused." Id. (alteration in original) (quoting Ritter v. Commonwealth, 210 Va. 732, 743, 173 S.E.2d 799, 807 (1970)). In addition, "[o]wnership or occupancy of a vehicle . . . where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle." Burchette, 15 Va. App. at 435, 425 S.E.2d at 83. Further, "proof that a person is in close proximity to contraband is a relevant fact." Id. It is also clear that "a 'drug's distinctive odor' can be circumstantial evidence to support a finding that a defendant knew of the nature and character of the substance in his possession." Ervin v. Commonwealth, 57 Va. App. 495, 507, 704 S.E.2d

135, 141 (2011) (*en banc*) (quoting Young v. Commonwealth, 275 Va. 587, 591, 659 S.E.2d 308, 310 (2008)).

The trial court found "as a matter of fact that there was a strong odor [of marijuana], that the description of the defendant's behavior was as described by the officers[,] and that he was exercising dominion and control over that gun." The judge also stated that although he did not "know what [the appellant] was doing in the console, . . . based on his actions . . . he was exercising dominion and control over both the firearm and the marijuana."

The appellant was in the driver's seat of a car that was emitting a strong odor of unburned marijuana. He had his hands inside the center console in which the police found the firearm. When confronted by police officers, the appellant removed his hands from the console, got out of the vehicle, abruptly closed the door, appeared "very nervous," tried to walk away, and then later tried to run. Marijuana was found in a front center compartment of the car. This was in close proximity to the areas of the vehicle that the appellant alone occupied and in which he had been rummaging. The appellant claimed a possessory interest in the car that was emitting the odor of marijuana. Further, after the officers confronted him with the fact that the car smelled like marijuana, the appellant denied it and attempted to flee. See Ragland v. Commonwealth, 67 Va. App. 519, 533, 797 S.E.2d 437, 444 (2017) ("[A]ffirmative acts of falsehood or flight immediately following the commission of a crime . . . tend to show a person's guilty knowledge of, and participation in, a criminal act." (citing Jones v. Commonwealth, 279 Va. 52, 57-58, 688 S.E.2d 269, 272 (2010))). This evidence wholly supports the trial court's findings.

When a conviction is based on circumstantial evidence, that evidence must exclude every reasonable hypothesis of innocence. Blow v. Commonwealth, 52 Va. App. 533, 539, 665 S.E.2d 254, 257 (2008). However, the finder of fact's rejection of a hypothesis of innocence is "binding on appeal unless plainly wrong." Taylor v. Commonwealth, 61 Va. App. 13, 30, 733 S.E.2d 129,

138 (2012) (quoting Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997)). The appellant's hypothesis of innocence at trial was that he did not know that the gun or the marijuana was in the car with him. He based this claim in part on the facts that the vehicle was registered to another person and someone else's identification card was in the car.[7] Based on the record, the trial court's rejection of the appellant's hypothesis of innocence is not plainly wrong.

Viewing the evidence in the light most favorable to the Commonwealth, the evidence supports the trial court's rejection of the notion that the appellant was not aware of the firearm in the center console or the marijuana in the center compartment. The facts of this case were sufficient to prove beyond a reasonable doubt that the appellant had knowledge of the nature and character of the firearm and marijuana and that they were subject to his dominion and control. Consequently, the evidence was sufficient to support the findings of constructive possession of the gun and the drugs.

### 2. Accessibility of Firearm

Pursuant to Code § 18.2-308(A), it is unlawful to carry a firearm "about [the] person, hidden from common observation," unless a statutory exception exists. The appellant does not claim an exception to the statute. Instead, he contends that the Commonwealth failed to prove that the firearm was carried about his person based on the facts of the case.

In order for a firearm to be "about the person" as contemplated by the statute, it must be "so accessible as to afford prompt and immediate use." See Pruitt v. Commonwealth, 274 Va. 382, 388, 650 S.E.2d 684, 687 (2007) (quoting Sutherland v. Commonwealth, 109 Va. 834, 835,

---

[7] We note that to prove constructive possession, the Commonwealth is not required to exclude the "possibility that someone else may have planted, discarded, abandoned or placed the [contraband]." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (*en banc*). Additionally, the Commonwealth need not prove that the appellant's possession of the contraband was exclusive. Smallwood, 278 Va. at 630, 688 S.E.2d at 156.

65 S.E. 15, 15 (1909)).  Whether a firearm "is upon a person or is readily accessible are largely questions of fact that must be left to reasonable inferences drawn by the fact finder from the facts and circumstances of the case."  Leith v. Commonwealth, 17 Va. App. 620, 621, 440 S.E.2d 152, 153 (1994).[8]

The appellant relies on Pruitt, 274 Va. 382, 650 S.E.2d 684, in support of his argument.  In that case, the driver put the gun in the console "as he" exited the car.  Id. at 387, 650 S.E.2d at 686.  The Supreme Court held that the firearm was not both concealed and about the driver's person for "any appreciable length of time."  Id. at 388, 650 S.E.2d at 687.  In contrast to Pruitt, the appellant reached into the compartment with the firearm, so it was clearly accessible, at the same time as it was hidden from view.  Further, he did so from when Officer Parrish first saw him and continued accessing the console during the span of time it took for Parrish to return to the police car and tell his partner about the odor of marijuana, and for the officers to move the car closer to the appellant's vehicle and then to approach the appellant on foot.

The evidence, when viewed under the proper standard, supports the trial court's factual determinations and conclusion that the firearm was concealed "about" the appellant's "person."  Officer Parrish saw the appellant rummaging in the center console of the car.  He continued to

---

[8] In 2010, the General Assembly amended Code § 18.2-308, creating an exception for "[a]ny person who may lawfully possess a firearm and is carrying a handgun while in a personal, private motor vehicle or vessel and such handgun is secured in a container or compartment in the vehicle or vessel."  2010 Va. Acts chs. 740, 841 (adding the exception as Code § 18.2-308(B)(10); see 2013 Va. Acts ch. 746 (moving the exceptions to Subsection (C)); see also 2016 Va. Acts ch. 257 (moving the motor vehicle exception to Subsection (C)(8)).  Although the amendment in part abrogated Leith, 17 Va. App. 620, 440 S.E.2d 152, the reasoning in Leith remains applicable to a case such as this one where the defendant does not claim to qualify for the exception and the facts show that he was accessing the compartment.  See generally Hodges v. Commonwealth, 64 Va. App. 687, 694, 771 S.E.2d 693, 696-97 (2015) (holding that based on the amendment to Code § 18.2-308, Leith was no longer applicable to a person lawfully permitted to possess a gun who was carrying one "secured" in a vehicle glove compartment or console); Doulgerakis v. Commonwealth, 61 Va. App. 417, 422, 737 S.E.2d 40, 42 (2013) (holding that the statutory exception does not require that a container be locked in order to be "secured").

rummage in the console until the officers confronted him.  At that point, with the officers present, he quickly got out of the car and abruptly shut the door.  The police found the firearm just beneath the closed lid of the console.  Viewing the record in the light most favorable to the Commonwealth, these facts and circumstances were sufficient to prove beyond a reasonable doubt that for an appreciable length of time the firearm was both hidden from common view and about the appellant's person accessible for his use and that he was guilty of violating Code § 18.2-308.  See generally Leith, 17 Va. App. at 622-23, 440 S.E.2d at 154 (holding that the firearm in the locked car console was hidden about the driver's person for purposes of Code § 18.2-308).

### III.  CONCLUSION

The trial court did not abuse its discretion in admitting the challenged testimony about the appellant's question and statements to the officers.  Further, the evidence proved that the appellant had constructive possession of the firearm and marijuana.  Finally, the evidence proved that the firearm was accessible for the appellant's immediate use.  Accordingly, we affirm the appellant's convictions for possession of marijuana, possession of a firearm by a convicted felon, and possession of a concealed weapon.

Affirmed.