COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Chafin, Russell and AtLee
Argued at Richmond, Virginia


DERRICK LAMONT COLBERT

                                            MEMORANDUM OPINION* BY
v.       Record No. 0292-17-2                JUDGE RICHARD Y. ATLEE, JR.
                                            FEBRUARY 20, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

Richard T. Harry, Jr., for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Following a bench trial, a judge of the Circuit Court of Orange County ("trial court")

found appellant Derrick Lamont Colbert guilty of carrying a concealed weapon.[1]  It sentenced

him to three years in prison, with all but nine months suspended.  On appeal, Colbert argues that

the evidence before the trial court was insufficient to prove the weapon was on or about his

person as required by Code § 18.2-308(A).  For the following reasons, we affirm.

I. BACKGROUND

When examining the sufficiency of the evidence supporting a conviction, "we view the

evidence, and all inferences reasonably drawn from it, in the light most favorable to the

Commonwealth.  'It is our duty to affirm the trial court's judgment unless that judgment is

plainly wrong or without evidence to support it.'"  Reid v. Commonwealth, 65 Va. App. 745,

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Colbert was also convicted of additional crimes that are not at issue in this appeal.

753, 781 S.E.2d 373, 377 (2016) (citation omitted) (quoting Muhammad v. Commonwealth, 269 Va. 451, 536, 619 S.E.2d 16, 65 (2005)).  So viewed, the evidence was that the Town of Orange Police Department was investigating a possible extortion case.  The victim reported that Colbert had stolen her and her son's social security cards, and was refusing to return them unless the victim paid him.  Colbert arranged a place and time to meet with the victim to exchange the cards for payment.  As part of the extortion investigation, law enforcement went to the designated location at the agreed-upon time.  They found Colbert in the rear driver's-side seat of a vehicle.  Colbert was the only occupant of the vehicle.  A search of Colbert revealed he had the social security cards in his possession.  Law enforcement arrested Colbert and put him in the rear of the police cruiser.

After Colbert's arrest, officers conducted a search of Colbert's vehicle.  During this search, a canine unit alerted to a canvas bag "located next to where Mr. Colbert was seated," or more precisely, "[s]itting to the right side of where Mr. Colbert was sitting."  The gun was "tucked in[to]" some clothes in the bag; the grip of the gun was protruding from a "gray sheath like holster."[2]  The top of the bag was open.  Colbert admitted to law enforcement that the gun belonged to him.

## II. ANALYSIS

Colbert argues the evidence failed to show the gun was "about his person" as required by the concealed weapons statute, Code § 18.2-308(A).  To satisfy this requirement, the evidence had to establish Colbert "actually possessed the firearm 'on . . . his person'; *or* that the defendant was aware of both the presence and character of the firearm, that the firearm was within the accused's dominion and control, and that the firearm was readily accessible for prompt and immediate use."  Hunter v. Commonwealth, 56 Va. App. 50, 64-65, 690 S.E.2d 792, 799 (2010).

---

[2] The fact that the gun was concealed is not at issue on appeal.

Colbert reasons that because the officers did not see the bag containing the gun until after Colbert was removed from the vehicle, and he was no longer sitting next to it at the time the police dog alerted and the gun was discovered, the trial court erred in finding the Commonwealth proved the gun was on or about his person. We disagree.

As a preliminary matter, the evidence clearly established that Colbert was "aware of both the presence and character" of the gun. Id. at 64, 690 S.E.2d at 799. The grip was visible from the top of the bag, and he was seated directly beside it in the vehicle. He was in the process of attempted criminal extortion, so the gun's proximity and accessibility suggest that it may have had some contemplated purpose and utility. Finally, and most crucially, Colbert *admitted the gun belonged to him*. Together, this evidence was sufficient for the trial court to conclude that Colbert was aware of the gun's presence and character.

The evidence was also sufficient to prove that the gun was "readily accessible for prompt and immediate use" and was "within [Colbert]'s dominion and control." Id. at 65, 690 S.E.2d at 799. The gun was directly beside where Colbert was seated while he was in the vehicle, and would have been readily accessible to him. In Leith v. Commonwealth, 17 Va. App. 620, 440 S.E.2d 152 (1994),[3] this Court concluded that a weapon in a vehicle's locked center console, which Leith had the key to, was readily accessible to him; thus, it was about Leith's person while he was in the driver's seat. Here, the bag was (at furthest) in the center of the back seat of the vehicle, directly to the right of Colbert. With its holster protruding from the top of an open bag,

---

[3] In 2010, the General Assembly amended Code § 18.2-308, creating an exception so that it is no longer criminal to lawfully possess a firearm that is "secured in a container or compartment" in a "personal, private motor vehicle or vessel." Code § 18.2-308(C)(8). This Court has concluded that, "[f]rom the words chosen, it is clear that the General Assembly's intention in enacting the new exception in 2010 was to supersede Leith and similar cases." Hodges v. Commonwealth, 64 Va. App. 687, 696, 771 S.E.2d 693, 697 (2015). Although the amendment abrogated Leith in part, it does not affect Leith's vitality regarding ready accessibility and, thus, the application of Leith to this case. See id. at 694, 771 S.E.2d at 696-97.

it was far more accessible than the locked center console in Leith. It would have been readily accessible to Colbert while seated beside it, and subject to his control. Even if law enforcement did not notice the bag until after removing Colbert from the vehicle, the most, if not only, reasonable inference is that the gun remained in the same place it was while Colbert was still in the vehicle. Colbert's hypothesis of innocence, that a gun — by his own admission, belonging to him — was placed there after he was removed from the vehicle, finds no support in the record, and was properly rejected. See Vasquez v. Commonwealth, 291 Va. 232, 250, 781 S.E.2d 920, 930 (2016) ("When examining an alternate hypothesis of innocence, the question is not whether 'some evidence' supports the hypothesis, but whether a rational fact[-]finder could have found that the incriminating evidence renders the hypothesis of innocence unreasonable.").

Moreover, regardless of where Colbert was situated at the time the gun was discovered, he was sitting immediately next to it when the police first encountered him. A panel of this Court addressed a similar set of facts in Johnson v. Commonwealth, No. 0877-10-3, 2010 Va. App. LEXIS 475 (Va. Ct. App. Dec. 14, 2010).[4] In Johnson, "the officer saw appellant inside the car, who was in close proximity to the concealed weapon. At that point in time, the weapon was 'about the person.'" Id. at *8-9. This Court explained:

> The relevant inquiry is when did the offense occur, inside or outside the vehicle? We conclude that when appellant sat in the back seat of the vehicle, in close proximity to the concealed weapon, the offense was complete. There are only two explanations regarding when the gun was concealed, namely, either before appellant exited the car, or afterwards. [An officer] testified that when he searched the vehicle, he observed a shirt concealing the gun. He also stated that after the four occupants exited the car, no one returned to the vehicle. Therefore, the only explanation is that the weapon was concealed prior to appellant leaving the back seat.

---

[4] "Unpublished opinions of this Court, while having no precedential value, are nevertheless persuasive authority." Otey v. Commonwealth, 61 Va. App. 346, 351 n.3, 735 S.E.2d 255, 258 n.3 (2012).

Id. at *9.  That is directly analogous to what took place here.  Law enforcement observed Colbert sitting directly next to the spot where the bag, containing the gun, was soon found.  It is irrelevant that Colbert was no longer next to the gun when the police found it, as the offense was already complete.  Although in Johnson, there was affirmative testimony that no one returned to the vehicle, there were also several people in the vehicle aside from Johnson.  By contrast, there is no evidence that anyone but Colbert was in the vehicle, and there is no reason to infer that anyone moved or placed the gun there after Colbert was removed and put in the police cruiser.

Accordingly, viewing the evidence in the light most favorable to the Commonwealth, and drawing reasonable inferences from it, we find the evidence was sufficient to prove beyond a reasonable doubt that Colbert was carrying a concealed weapon "about his person" in violation of Code § 18.2-308(A).

### III.  CONCLUSION

The trial court did not err in finding the evidence showed the gun was on or about Colbert's person; therefore, it did not err in convicting him for carrying a concealed weapon.

Affirmed.