UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Ortiz and Causey
Argued at Lexington, Virginia

LUIS MANUEL NEGRON

MEMORANDUM OPINION[*] BY
v.      Record No. 0274-22-3      JUDGE DANIEL E. ORTIZ
MARCH 21, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(Craig P. Tiller; Craig P. Tiller, Esq., PLLC, on briefs), for
appellant. Appellant submitting on briefs.

Rebecca M. Garcia, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

The trial court convicted Luis Manuel Negron of driving with a suspended license, in

violation of Code § 46.2-301, and sentenced him to thirty days of incarceration, all suspended.[1]

Negron challenges the sufficiency of the evidence to establish his knowledge that his license was

suspended. Because we find the evidence sufficient, we affirm the trial court's judgment.

BACKGROUND

On October 10, 2018, a black Jeep turned left across traffic and toward a restaurant parking

lot. The Jeep did not yield to the oncoming traffic and was struck by a light-colored vehicle. After

the collision, the Jeep drove into the parking lot and parked.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Negron was also convicted of failure to yield; the trial court dismissed a charge of
driving while intoxicated, third offense within five years. Negron did not appeal his failure to
yield conviction.

Virginia State Trooper Dalton arrived at the scene and saw the Jeep in the parking lot and the light-colored vehicle down an embankment on the left side of a guardrail. Negron was in the parking lot and told Trooper Dalton that he had been driving the Jeep. Negron smelled of alcohol, his eyes were glassy, and his speech was slurred. Negron claimed that he had "a couple of beers" at lunch and had consumed an "airplane bottle" of liquor after the accident.

During Negron's trial in December 2021, the Commonwealth introduced a copy of Negron's driving record, which indicated that his current operator's license was issued in January 2018. One entry on the driving record indicated that Negron's license had been suspended effective April 20, 2018:

Suspension      Issue: 2018/05/01      Effective: 2018/04/20      Term: INDEFINITE
                FAIL PAY CT FINE/COST/FEES
                CONVICTION:  2018/03/21  GENERAL DISTRICT CT FRANKLIN COUNTY
                CONVICTION:  2018/03/21  GENERAL DISTRICT CT FRANKLIN COUNTY
                CONVICTION:  2018/03/21  GENERAL DISTRICT CT FRANKLIN COUNTY
                NOTIFIED:  2018/03/21 BY COURT DC225
                ORDER DELIVERY DATE:

The final page of the driving transcript contained the following certification from the Commissioner of the Department of Motor Vehicles: "This is to certify . . . that this machine produced transcript . . . is an accurate depiction of the driving record of Negron . . . ; and that all notice of orders indicating personal delivery to the driver were sent and received by the driver pursuant to Section 46.2-416 of the Code of Virginia."

Negron moved to strike the evidence at the close of the Commonwealth's case-in-chief, arguing that it failed to prove that he "had any knowledge that his license was suspended at the time of the incident." The trial court denied the motion. Negron declined to present evidence and renewed his motion to strike during his closing argument. He asserted that "the [DC225]" was "not sufficient notice because we don't know if he got it." Moreover, he maintained that the evidence raised no more than a "strong suspicion that he was notified in a court proceeding about the

suspension." The trial court took the motion under advisement and, at a later hearing, convicted appellant of driving on a suspended operator's license. Negron appeals, arguing that the evidence failed to show that he had "actual notice or other legally sufficient notice [that] his license was suspended." He asserts that his driving record does not show that he was in court on March 21, 2018, because "Form DC210 is used when a defendant is present in court" and "Form DC225 is used when a defendant is absent from court."

ANALYSIS

On appeal, we view the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 236 (2016)).

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez*, 291 Va. at 248 (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions

reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"[N]o resident or nonresident . . . whose driver's license . . . has been suspended or revoked . . . shall thereafter drive any motor vehicle . . . on any highway in the Commonwealth until the period of such suspension or revocation has terminated or the privilege has been reinstated." Code § 46.2-301(B).  To sustain a conviction under that statute, "the Commonwealth must prove that appellant previously had received actual notice that his license had been suspended when he drove on" October 10, 2018.  *Hodges v. Commonwealth*,  64 Va. App. 687, 692 (2015) *abrogated on other grounds by Myers v. Commonwealth*, 299 Va. 671, 678 n.2 (2021); *see also Bibb v. Commonwealth*, 212 Va. 249, 250 (1971) (holding that the evidence must prove that a defendant "knew" his license had been suspended).  "[A]ctual notice embraces all degrees and grades of evidence, from the most direct and positive proof to the slightest circumstance from which a [factfinder] would be warranted in inferring notice." *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019) (first alteration in original) (quoting *Hofheimer v. Booker*, 164 Va. 358, 365-66 (1935)).  "Notice is a matter of fact, and is to be proved like all other facts, by direct proof of the fact itself, or by proof of circumstances from which the fact may be justly inferred." *Id.* at 183 (quoting *Hofheimer*, 164 Va. at 366).

Moreover, notice that a driver's license is suspended may be sent by "certified mail to the driver at the most recent address of the driver on file at the Department."  Code § 46.2-416(A).

> If the certificate of the Commissioner or someone designated by him for that purpose shows that the notice or copy has been so sent or provided, it shall be deemed prima facie evidence that the notice or copy has been sent and delivered or otherwise provided to the driver for all purposes involving the application of the provisions of this title.

*Id.* Accordingly, we have held that Code § 46.2-416 evinces the General Assembly's intent that a "certified driving record . . . is 'prima facie evidence' of [a] violation of Code § 46.2-301." *Hodges*, 64 Va. App. at 693.

Negron cites *Bishop v. Commonwealth*, 275 Va. 9 (2008), to support his assertion that the driving record failed to prove actual notice of his suspension. In *Bishop*, a habitual offender case, the Supreme Court held that the appellant's driving record was confusing and failed to prove that he had received actual notice that he had been determined a habitual offender. *Id.* at 14. Although the record indicated that the appellant had been notified "by law enforcement," it did not provide "the content of any notification." *Id.* In addition, the record indicated that the order had been "mailed," but it did not indicate whether it had been delivered and provided "no proof of actual notice to anyone." *Id.*

By contrast, in *Hodges*, we held that a driving record demonstrated actual notice when it unambiguously stated that the appellant had been "NOTIFIED . . . BY LAW ENFORCEMENT" that his license had been suspended. 64 Va. App. at 692-93. In distinguishing *Bishop*, we held that the driving record in *Hodges* contained "no analogous ambiguity." *Id.* at 693. We also noted that, in *Bishop*, the Commonwealth did *not* rely on Code § 46.2-416, which provides that a certified driving record is "prima facie evidence" of a violation of Code § 46.2-301. *Id.*

Here, as in *Hodges*, Negron's driving record unambiguously indicates that he was notified on March 21, 2018, that his license was suspended, "BY COURT DC225." Negron asserted that Form DC225 was "mailed to" him and that the form used for in-court delivery was Form DC210, but he introduced no evidence to support these assertions.[2] Moreover, under Code § 46.2-416, notice could be sent "by certified mail" even if Negron was not in court. As in

---

[2] Citing to sources outside the record, Negron argues that he was not in court on March 21, 2018. We will not consider factual assertions that are based in sources that "are not a part of the record before this Court." *Wolfe v. Commonwealth*, 265 Va. 193, 223 (2003).

*Hodges*, the Commonwealth relies on the certification by the Commissioner of the Department of Motor Vehicles on Negron's driving record that "all notice of orders indicating personal delivery to the driver were sent and received by the driver pursuant to Section 46.2-416 of the Code of Virginia." That certification provides "prima facie evidence" of the Code § 46.2-301 violation, *Hodges*, 64 Va. App. at 693, and Negron did not provide any evidence that would negate such a notification. Thus, Negron's driving record is sufficient evidence "to allow the factfinder to conclude that the Commonwealth had proven that [Negron] was guilty of driving on a suspended license after having previously been notified of the suspension." *Id.* Accordingly, having reviewed the record, we find the Commonwealth's evidence sufficient to sustain Negron's conviction.

## CONCLUSION

Accordingly, the trial court's judgment is affirmed.

*Affirmed.*