COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Humphreys and Kelsey
Argued at Richmond, Virginia


ELIAS P. DOULGERAKIS

                                                         OPINION BY
v.      Record No. 0458-12-2                    JUDGE ROBERT P. FRANK
                                                        FEBRUARY 5, 2013
COMMONWEALTH OF VIRGINIA



FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

Benjamin R. Rand (Blackburn, Conte, Schilling & Click, P.C., on
brief), for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Elias P. Doulgerakis, appellant, was convicted, in a bench trial, of misdemeanor possession

of a concealed weapon in violation of Code § 18.2-308.  On appeal, he argues that because the

handgun was being possessed within the meaning of Code § 18.2-308(B)(10), his possession of the

gun was legal.  For the reasons that follow, we reverse his conviction.

BACKGROUND

The facts are not in dispute.  On October 28, 2011, Officer L.C. Jones of the Henrico

County Police Department stopped appellant for a traffic violation.  Officer Jones asked

appellant if he had anything in his glove box to cause him concern.  Appellant responded that he

had a handgun in the glove compartment.  The glove box was closed and latched, but not locked.

Officer Jones removed the handgun and charged appellant with carrying a concealed weapon

without a permit.

Code § 18.2-308 makes it unlawful for particular individuals to carry a firearm concealed from common observation. However, subsection (B)(10) of the statute creates an exception by excluding the concealed weapon prohibition from "any person who may lawfully possess a firearm and is carrying a handgun while in a personal, private motor vehicle or vessel and such handgun is secured in a container or compartment in the vehicle or vessel . . . ." It is uncontested that the vehicle in question is a personal, private motor vehicle.

At trial, the Commonwealth argued that the firearm was not "secured" within the meaning of the statute because the gun was readily accessible to appellant for prompt and immediate use, which is precisely what the concealed weapon statute prohibits. The trial court agreed with the Commonwealth's reasoning and found appellant guilty.

This appeal follows.

ANALYSIS

The sole issue on appeal is whether a firearm in an unlocked, but latched, glove box of a private vehicle is "secured in a container or compartment" within the meaning of Code § 18.2-308(B)(10). Appellant argues that it is, and the Commonwealth agrees, conceding error.

On brief, the Commonwealth explains that because of the precise wording of the statute, a handgun need not be in a locked glove compartment to be exempt from the concealed weapon prohibition. Generally speaking, "we are not bound by concessions of law by the parties." Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*); see also Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*). Here, however, we agree with the Commonwealth's concession.

"Statutory interpretation is a question of law which we review *de novo*, and we determine the legislative intent from the words used in the statute, applying the plain meaning of the words unless they are ambiguous or would lead to an absurd result." Wright v. Commonwealth, 278

Va. 754, 759, 685 S.E.2d 655, 657 (2009).  The Virginia Supreme Court has long held that "when analyzing a statute, we must assume that 'the legislature chose, with care, the words it used . . . and we are bound by those words as we interpret the statute.'"  City of Virginia Beach v. ESG Enters., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (quoting Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)).  "'Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'"  Tazewell County Sch. Bd. v. Brown, 267 Va. 150, 162, 591 S.E.2d 671, 676-77 (2004) (citation omitted).  However, "[l]anguage is ambiguous if it admits of being understood in more than one way or refers to two or more things simultaneously.  An ambiguity exists when the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness."  Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (citations omitted).  In addition, "penal statutes are to be construed strictly against the [Commonwealth and] cannot be extended by implication, or be made to include cases which are not within the letter and spirit of the statute."  Wade v. Commonwealth, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960).

The term "secured" can have several different meanings.  The statute does not define the level of security required of the compartment, whether it be locked, fastened, or simply closed.  Because "secured" is ambiguous in the context of this particular statute, we are permitted to look to the legislative history of Code § 18.2-308 to determine its meaning.

In 2010, the General Assembly enacted subsection (B)(10) of the amendment exempting the prohibition of concealed handguns from personal vehicles in certain circumstances.  History of that amendment indicates that the General Assembly specifically chose to omit the term "locked" from the statute.  Initially, the General Assembly adopted the amendment that contained the language that a gun must be "locked in a container or compartment" within the

vehicle. However, the Governor's recommended change to the amendment replaced the word "locked" with "secured." Journal of the House of Delegates 1658-59, Reg. Sess. (2010). In accepting the Governor's proposed change, the legislature made it clear that in this amendment, "secured" does not mean "locked." Had the legislature intended for "secured" and "locked" to be synonymous, they would have disregarded the Governor's recommendation and adopted the amendment as originally written. Thus, under the facts presented here, we find that having the gun in a *locked* glove compartment is not a prerequisite for applying the Code § 18.2-308(B)(10) exemption.

The Supreme Court of Virginia, in Schaaf v. Commonwealth, 220 Va. 429, 258 S.E.2d 574 (1979), explained the rationale of the concealed weapon statute:

> "The purpose of the statute was to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use. 'About the person' must mean that it is so connected with the person as to be readily accessible for use or surprise if desired."

Id. at 430, 258 S.E.2d at 574-75 (quoting Sutherland v. Commonwealth, 109 Va. 834, 835-36, 65 S.E. 15, 15 (1909)).

The legislature, by adopting the exception relevant here, determined that a weapon "secured in a container or compartment in the vehicle" was not "readily accessible for use or surprise if desired." See Uniwest Constr., Inc. v. Amtech Elevator Servs., Inc., 280 Va. 428, 440, 699 S.E.2d 223, 229 (2010) ("The public policy of the Commonwealth is determined by the General Assembly, for 'it is the responsibility of the legislature, not the judiciary, . . . to strike the appropriate balance between competing interests . . . . Once the legislature has acted, the role of the judiciary is the narrow one of determining what [it] meant by the words it used in the statute.'" (alteration and omissions in original) (quoting Dionne v. Southeast Foam Converting & Packaging, Inc., 240 Va. 297, 304, 397 S.E.2d 110, 114 (1990))).

That being said, our inquiry becomes one of defining "secure" as contemplated by the General Assembly within the meaning of the statute.  "Secured" is defined as "in safekeeping or custody," Webster's New Universal Unabridged Dictionary 1641 (2d ed. 1983), or "well-fastened," The American Heritage Dictionary 1173 (New College Ed. 1982).

The evidence here shows that appellant's handgun was in a closed, latched and "well-fastened" glove compartment.  Pursuant to the statute, appellant's gun was "secured in a . . . compartment" in his vehicle, thus reducing his access to the weapon.  Because appellant's handgun was in compliance with the exception to the concealed weapon prohibition, his possession of the gun did not violate Code § 18.2-308.

CONCLUSION

For the foregoing reasons, we reverse and dismiss appellant's conviction.

Reversed and dismissed.