COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Huff and Athey
Argued at Norfolk, Virginia

DORAIN JEROD MYERS

                                                  MEMORANDUM OPINION* BY
v.        Record No. 1978-18-1                    JUDGE RANDOLPH A. BEALES
                                                  DECEMBER 27, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Robert H. Sandwich, Jr., Judge

Sean E. Harris, Senior Trial Attorney (Office of Public Defender, on
brief), for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


At the conclusion of a bench trial, appellant Dorain Jerod Myers was found guilty of

carrying a concealed weapon, second offense, in violation of Code § 18.2-308. On appeal, he

challenges the sufficiency of the evidence to sustain his conviction on two grounds. First, he argues

that the trial court erred in finding that the exception in Code § 18.2-308(C)(8) for carrying a

handgun in a secured container or compartment in a vehicle did not apply. Second, he argues that

the evidence failed to show that the firearm was "about his person."

I. BACKGROUND

In accordance with established principles of appellate review, we view the "evidence in the

light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial

court." Riner v. Commonwealth, 268 Va. 296, 330 (2004). "We also accord the Commonwealth

the benefit of all inferences fairly deducible from the evidence." Id. at 303.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

On the evening of November 29 into November 30, 2017, Officer Ashley Shockley and Officer Hunter Triplett of the Suffolk Police Department were driving near an apartment building when they noticed a Ford Expedition that was parked near the building. Officer Shockley testified that, when she first saw the vehicle, she noticed occupants inside. After she and Triplett drove around the area and returned, she observed that the occupants were still sitting inside the vehicle. Both officers had responded the previous day to a report of a breaking and entering in that apartment complex, so they proceeded to further investigate.

The officers parked their vehicle a short distance behind the parked Ford Expedition and approached it on foot. Both officers testified that they smelled an odor of marijuana coming from the vehicle. The officers encountered three individuals in the vehicle – Myers in the driver's seat, Jerry Warren in the front passenger seat, and Kaylah Staton in the back seat. Officer Triplett asked all the occupants to exit the vehicle, and Myers at first did not comply. Eventually, he exited the vehicle. The officers searched the vehicle and found a blue backpack on the floorboard of the front passenger seat. Officer Shockley testified that the backpack was within arm's reach of where the driver was seated. The officers unzipped the backpack and found inside two BB guns as well as a .40 caliber Taurus handgun. Officer Shockley testified that she found a wallet in the vehicle's center console, and the wallet contained an identification card belonging to Myers as well as a .40 caliber cartridge that matched the cartridges found in the handgun.

Officer Shockley asked the three individuals which of them owned the blue backpack. At first, none of them claimed the backpack. Officer Shockley then stated that there was a concealed weapon in the backpack and asked who should be charged with carrying it. Myers eventually responded that the backpack was his. Officer Shockley also testified that Myers later stated "multiple times that he was going to get his gun back once we had taken it." Officer Triplett

testified that, after Myers had been Mirandized, Officer Triplett asked him if the gun was in the backpack before the police arrived, "and Mr. Myers said naw."

Myers was indicted for carrying a weapon concealed from common observation, second offense, in violation of Code § 18.2-308 and tried in a bench trial. After the Commonwealth presented its case, Myers presented evidence in his defense. Warren testified for the defense that, on the evening of November 29 into November 30, 2017, Myers picked up him and his girlfriend, Staton, from Staton's place of employment. Warren stated that he first came out to meet Myers and talked with Myers for a few moments before going into a store. Warren testified that, when he first came to the vehicle, he did not notice any blue backpack. He further testified that, when he came back out of the store, he sat in the front passenger seat of the vehicle and there was a blue backpack at his feet. Warren testified that the blue backpack was Staton's and that he had previously seen her with the backpack. Warren also testified that he thought there were BB guns in the backpack but was not aware there was a firearm in the backpack.

Myers then testified that he "never even knew a blue bookbag was in" the vehicle until the police asked him about it. He testified that he "didn't want [Warren and Staton] to have to deal with gun charges that they don't know nothing about, so I said yes, the gun is mine." He also testified that, after he took responsibility for the gun, Staton admitted to him that the gun was hers.

At the conclusion of the evidence, Myers made a motion to strike, which the trial court denied. The trial judge made several findings of fact in pronouncing Myers's guilt. The trial judge stated he did not believe Myers's testimony or Warren's testimony. The trial judge also stated, "It's clear from his -- what he told the officers that the bag was his, and that the firearm inside of [the] bag is his." The trial judge also found that the gun was within an arm's reach of Myers, and thus about his person. Addressing the exception in Code § 18.2-308(C)(8), the trial judge stated, "I find that under these circumstances of this case, that a zipped compartment on a backpack would not be

- 3 -

well-fastened," and thus the exception did not apply. The trial judge ultimately found Myers guilty of carrying a concealed weapon, second offense.

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner, 268 Va. at 330, "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. To the extent that Myers's assignment of error involves questions of law or statutory interpretation, we review such questions *de novo*. Young v. Commonwealth, 70 Va. App. 646, 652-53 (2019). To the extent that we are reviewing findings of fact made by the trial court, we defer to the trial judge in his findings of fact unless we find he is plainly wrong in that finding without credible evidence to support that finding of fact. Jones v. Commonwealth, 279 Va. 521, 528 (2010).

A. Whether the Statutory Exception for Carrying a Concealed Handgun in a Motor Vehicle Applies to the Specific Facts in this Case

Code § 18.2-308 prohibits any person from carrying a handgun about his person while keeping it hidden from common observation without possessing a concealed handgun permit. Subsection (C) of that statute provides exceptions, including the exception at issue here.

Specifically, Code § 18.2-308(C)(8)[1] provides that the statute shall not apply to "[a]ny person who may lawfully possess a firearm and is carrying a handgun while in a personal, private motor vehicle or vessel and such handgun is secured in a container or compartment in the vehicle or vessel." Appellant argues that, since the firearm was in a backpack that was zipped shut and the backpack was in a vehicle, the exception applies. Appellant does not contend nor does the evidence show that he openly displayed the firearm or that he possessed a concealed handgun permit.

This Court has previously found two situations in which the motor vehicle exception applies – when the handgun is contained in a vehicle's center console and in a vehicle's glove compartment. In Hodges v. Commonwealth, 64 Va. App. 687 (2015), this Court found that the motor vehicle exception applied and reversed a conviction for concealed carry of a handgun where Hodges was in the driver's seat and a handgun was located in the vehicle's center console and the console's lid was closed. In Doulgerakis v. Commonwealth, 61 Va. App. 417 (2013), this Court also found that the motor vehicle exception applied and reversed a conviction where Doulgerakis was driving the vehicle and a handgun was found in the glove compartment, which was closed and latched, but not locked. The Court noted that for a weapon to be "secured," as required in the motor vehicle exception, "does not mean 'locked.'" Id. at 421.

For the motor vehicle exception to apply, the handgun must be "secured in a container or compartment." The statute does not actually define "compartment" or "container." The American Heritage Dictionary (2d College ed. 1991) defines "compartment" as "1. One of the parts or spaces into which an area is subdivided. 2. A separate room, section, or chamber." A "compartment," then, includes subcomponents or sections of the vehicle itself, such as a glove

---

[1] For the sake of conciseness, in this opinion, we refer to this subsection as "the motor vehicle exception."

- 5 -

compartment or a center console.  See, e.g., Doulgerakis, 61 Va. App. at 422; Hodges, 64 Va. App. at 699-700.  The backpack here clearly would not qualify as a compartment.

The American Heritage Dictionary, supra, defines "container" as "[s]omething, as a box or barrel, in which material is held or carried; receptacle."  The statute is clear that the handgun is to be *secured*.  In Doulgerakis, this Court defined "secured" as "in safekeeping or custody" or "well-fastened."  Doulgerakis, 61 Va. App. at 422.  Whether something, such as a container or compartment, is actually secured is a finding of fact.

The trial judge, as the fact finder, found "that under these circumstances of this case, that a zipped compartment on a backpack would not be well-fastened" and the statutory exception did not apply, although he did note that "there might be some cases or some instances or some factual scenarios where a backpack would be well-fastened."

In light of the findings of fact of the trial judge, we hold that the trial judge did not err in holding that the handgun in this particular case under these specific facts did not meet the requirement of being *secured* in a compartment or container.  Given that the statute does not define a "container," it is extremely difficult to draw a bright line that definitively decides exactly what would be a secured container.  In many cases, the question of whether a container is one that can be considered "secured" for purposes of the statutory exception is one that will be fact-specific to that particular case.  For example, a secured container would include, but would not necessarily be limited to, a gun safe or a carrying case for a firearm.  However, following closely the plain language of the statutory exception as crafted and enacted by the General Assembly (and following this Court's reasoning in Hodges and Doulgerakis), we cannot say that it was the intention of the General Assembly to have the motor vehicle exception apply to the backpack in this particular case.

B.  The "About the Person" Requirement

In considering whether a weapon is "about the person," the Supreme Court has consistently considered "whether the weapon remained 'so accessible as to afford prompt and immediate use' by the defendant while it was concealed." Pruitt v. Commonwealth, 274 Va. 382, 387-88 (2007) (quoting Sutherland v. Commonwealth, 109 Va. 834, 835 (1909)). See also Schaaf v. Commonwealth, 220 Va. 429, 430 (1979). "'About the person' must mean that it is so connected with the person as to be readily accessible for use or surprise if desired." Sutherland, 109 Va. at 835.[2] "Whether a weapon is upon a person or is readily accessible are largely questions of fact that must be left to reasonable inferences drawn by the fact finder from the facts and circumstances of the case." Leith v. Commonwealth, 17 Va. App. 620, 621 (1994) (superseded by statute on other grounds, as stated in Hodges, 64 Va. App. at 696).

In the case currently before us, the evidence shows that Myers was seated in the driver's seat and the handgun was in a backpack on the floorboard of the front passenger seat. The trial judge, as the fact finder, found that the concealed weapon "was within arm's reach of him and he could access that item based on his position in the car." Appellant argues that the gun was not readily accessible because he would have had to reach over to retrieve the handgun out of the backpack. However, this Court has previously rejected the argument that a weapon is "inaccessible 'as a matter of law' if available only upon noticeable 'body motion.'" Watson v. Commonwealth, 17 Va. App. 124, 127 (1993). The mere fact that Myers may have had to reach from the driver's seat into a backpack on the floorboard of the front passenger seat does not mean that the handgun was not "so accessible as to afford prompt and immediate use" by the defendant. Consequently, we

---

[2] In Schaaf, the Supreme Court stated, "While Sutherland can be distinguished from this case on the facts, to the extent that there may be a conflict Sutherland is overruled." Schaaf, 220 Va. at 432. Nevertheless, the Supreme Court in Schaaf also quoted with approval this same language from Sutherland that defines "about the person." Id. at 431.

cannot say that the trial court was plainly wrong in finding that the handgun was about Myers's person.

### III. CONCLUSION

Given the specific facts of the particular case before us, we cannot say that the trial court was plainly wrong in its finding that the concealed handgun in the zipped backpack on the floorboard of the front passenger seat was not in a secured container or compartment. The trial court was also not plainly wrong in finding that the handgun was about Myers's person when Myers was sitting in the driver's seat and the handgun was in a backpack on the floorboard of the front passenger seat next to him. Myers was also neither carrying the handgun openly nor did he have a permit for a concealed handgun.

For all of these reasons, we cannot conclude that no rational fact finder would have found the evidence sufficient to find Myers guilty of carrying a concealed weapon without a permit. Therefore, we affirm his conviction for carrying a concealed weapon, second offense.

<u>Affirmed.</u>