COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Athey
Argued at Lexington, Virginia

PUBLISHED

MICHAEL DWAYNE FERGUSON

OPINION BY
v.      Record No. 0060-19-3          JUDGE RANDOLPH A. BEALES
                                      FEBRUARY 25, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

Michael A. Nicholas (Daniel, Medley & Kirby, P.C., on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Appellant Michael Dwayne Ferguson pled guilty to committing incest by having sexual

intercourse with his eighteen-year-old stepdaughter in violation of Code § 18.2-366. With the

consent of the Commonwealth and the approval of the circuit court, he conditioned his guilty plea

on his right to appeal the conviction on the sole basis that the circuit court erred "when it refused to

find that Virginia Code § 18.2-366 is unconstitutional when it criminalizes sexual relations between

adults not related by blood."

I. BACKGROUND

Ferguson was indicted on the charge of unlawfully having sexual intercourse with his stepdaughter, "C.M.," who at the time was eighteen, in violation of Code § 18.2-366.[1]

Ferguson filed a motion to dismiss the indictment on the basis that the statute was unconstitutional "when applied to sexual relations between adults not related by blood."[2] The motion requested a hearing on the matter. The Commonwealth filed a written response to the motion requesting that it be denied and alleging that Ferguson began having oral sex with his wife's daughter, C.M., when C.M. was sixteen years old and living in Campbell County. It alleged that Ferguson intimidated C.M. by threatening to kill her mother, her brother, and her grandfather if she did not comply with his demands and that when C.M. turned seventeen, Ferguson also began demanding sexual intercourse with C.M. The Commonwealth's response

---

[1] We use initials, instead of the stepdaughter's name, in an attempt to better protect her privacy. In addition, part of the record in this case was sealed. In order to appropriately address the assignment of error raised by Ferguson, this opinion includes some limited portions of the record that were sealed. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] While Ferguson may have implied to the trial court that he was challenging the statute's constitutionality on its face and as applied to the specific facts of this case, on appeal to this Court, Ferguson abandoned the facial challenge. In his brief to this Court, Ferguson presented the issue as to whether Code § 18.2-366 was unconstitutional "*when applied*, as in Appellant's case: to sexual conduct between adults not related by blood?" (Emphasis added). In addition, at oral argument before this Court, Ferguson agreed that his argument was that the statute is unconstitutional as it applied to him. Furthermore, Ferguson could not actually present a challenge to the statute on its face if he could not first show that the statute was unconstitutional as applied to him. See Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973) ("Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court."); Toghill v. Commonwealth, 289 Va. 220, 228 (2015) ("An appellant can only mount a successful facial challenge to a statute by showing first that the statute in question is unconstitutional as applied to him and that the statute in question would not be constitutional in any context.").

also alleged that Ferguson forced himself on C.M. numerous times while the family lived in Campbell County, in the City of Danville, and in Pittsylvania County and that after C.M turned eighteen, Ferguson got her pregnant. Results of a paternity test filed with the Danville Juvenile and Domestic Relations District Court concluded that the probability of Ferguson being the father of C.M.'s child was 99.99%. The Commonwealth's response also alleged that the incestuous sexual relationship between Ferguson and C.M. caused C.M. and her mother to become estranged and caused C.M.'s mother to file for a divorce from Ferguson.[3]

At a hearing on Ferguson's motion to dismiss, Ferguson's sole argument for dismissing the indictment was that Code § 18.2-366 was unconstitutional as applied to Ferguson because it "criminalizes constitutionally protected sexual activity, specifically when that sexual activity is between adults where no allegation is contained in the indictment that there was force or lack of consent." He argued that the trial court should rely on Lawrence v. Texas, 539 U.S. 558 (2003), and Martin v. Ziherl, 269 Va. 35 (2005), to find that his sexual relationship with his eighteen-year-old stepdaughter was constitutionally protected. In response, the Commonwealth argued that the relationships discussed in Lawrence and in Martin are distinguishable because this case involves "a relationship where consent was not easily refused." The trial court denied Ferguson's motion to dismiss, finding that Code § 18.2-366 is constitutional.

After the motion was denied, Ferguson, through his counsel, stated his intention to make a conditional guilty plea, and the Commonwealth informed the trial court of its consent to his doing so. Ferguson's counsel stated, "And for the record, the specified pretrial ruling is the one we just did this morning, the motion to dismiss the indictment on constitutional grounds." The

---

[3] The concurrence criticizes our recitation of the allegations contained in the Commonwealth's written response to Ferguson's motion to dismiss. The purpose of including these statements in our opinion is to describe what both parties argued in their motions to the trial court at the time it made its decision on the motion to dismiss Ferguson's indictment.

trial judge then engaged in a plea colloquy with Ferguson to ensure that his plea was being entered intelligently, knowingly, and voluntarily. As part of this colloquy, the trial judge asked, "And is that your understanding, that you're entering your guilty plea, and I'll go through everything, waiving all except your right to challenge the motion on the, motion to dismiss the indictment that the Court just ruled on the constitutionality?" Ferguson responded, "Yes, ma'am." Later in the colloquy, Ferguson again affirmed that he understood that he was waiving his right, "except for the motion to dismiss, to appeal this Court's decision." The trial judge concluded that Ferguson's guilty plea, conditioned only on his right to appeal the trial court's ruling that the statute is constitutional as applied to him, was made intelligently, knowingly, and voluntarily.

The Commonwealth proffered the following as a summary of the evidence in the case:

> Your Honor, the Commonwealth's case alleges that between January 1st, 2017 and March 1st, 2017, in Pittsylvania County, the defendant had sexual relations with his step-daughter, C.M., when, while they lived in Pittsylvania County. The Commonwealth states that on September 9th, 2012, Mr. Ferguson married C.M.'s mother Kathy Yates (Phonetic), and that at the time C.M. was a juvenile and they lived in Campbell County. Later they moved into Pittsylvania County where they continued to reside during the timeframe alleged in the indictment, and during that time an ongoing sexual relationship took place between the two of them and a child was born from that relationship. We would submit to the Court a copy of a court order determining parentage and ask that it be sealed.

The Commonwealth offered as an exhibit a court order determining that Ferguson is the father of C.M.'s child. This appeal followed.

## II. ANALYSIS

On appeal, Ferguson assigned error to the same issue as the one upon which he conditioned his guilty plea. His assignment of error states, "The Circuit Court of Pittsylvania County erred when it refused to find that Virginia Code § 18.2-366 is unconstitutional when it

- 4 -

criminalizes sexual relations between adults not related by blood." Before oral argument in this case, however, this Court alerted the parties to be prepared to respond to questions about the language of Code § 18.2-366 and whether that statute criminalizes sexual intercourse generally between stepparents and stepchildren – or only sexual intercourse between stepparents and minor stepchildren.[4]

At oral argument before this Court, Ferguson stated for the very first time that the statute did not apply to him while the Commonwealth disagreed, stating that it did indeed apply to him. Nevertheless, this Court is prohibited from reaching the merits of this statutory interpretation issue for two reasons. First, Ferguson's guilty plea was conditioned on his right to appeal the trial court's decision on the sole grounds that the statute was unconstitutional because it *did* criminalize his relationship with his eighteen-year-old stepdaughter. Second, Ferguson did not ever argue below or on brief on appeal – or even assign error to the trial court's implicit decision – that Code § 18.2-366 prohibits sexual intercourse between a stepparent and an adult stepchild, such as the recently turned eighteen-year-old C.M. in this case.

---

[4] Code § 18.2-366 states:

> A. Any person who commits adultery or fornication with any person whom he or she is forbidden by law to marry shall be guilty of a Class 1 misdemeanor except as provided by subsection B.
> B. Any person who commits adultery or fornication with his daughter or granddaughter, or with her son or grandson, or her father or his mother, shall be guilty of a Class 5 felony. However, if a parent or grandparent commits adultery or fornication with his or her child or grandchild, and such child or grandchild is at least thirteen years of age but less than eighteen years of age at the time of the offense, such parent or grandparent shall be guilty of a Class 3 felony.
> C. For the purposes of this section, parent includes step-parent, grandparent includes step-grandparent, child includes a step-child, and grandchild includes a step-grandchild.

<u>Conditional Guilty Plea Subject Only to the Statute's Unconstitutionality</u>

Code § 19.2-254 states,

> With the approval of the court and the consent of the Commonwealth, a defendant may enter a conditional plea of guilty in a misdemeanor or felony case in circuit court, reserving the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Under Code § 19.2-254, the only issue that the defendant may appeal after entering a conditional guilty plea is the issue that he specified in the trial court as the issue he intends to appeal – and to which the Commonwealth and the trial court give their consent and approval. The defendant waives his right to appeal any non-jurisdictional issue other than any issue specified and agreed upon as part of his conditional guilty plea. See <u>Brown v. Commonwealth</u>, 68 Va. App. 58, 70-71 (2017) (holding appellant waived right to appeal alleged Sixth Amendment violation as part of his conditional guilty plea where he did not specify that ground in his plea agreement, and he did not obtain the permission of the Commonwealth and the trial court to that condition of the guilty plea); see also <u>Johnson v. Commonwealth</u>, 38 Va. App. 137, 143-44 (2002) (recognizing that when a defendant pleads guilty, he waives all non-jurisdictional defenses unless the trial court and Commonwealth agree that defendant may appeal a specific issue); <u>Davis v. Commonwealth</u>, No. 0215-15-3, at *2 (Va. Ct. App. May 3, 2016) ("Because appellant entered a conditional guilty plea, his basis for appeal is limited to 'a review of the adverse determination of any specified pretrial motion.'" (quoting Code § 19.2-254)).

When Ferguson entered a conditional guilty plea, his counsel told the trial court that "the specified pretrial ruling [under Code § 19.2-254] is the one we just did this morning, the motion to dismiss the indictment on constitutional grounds." The Commonwealth consented to Ferguson's taking the guilty plea conditioned on his right to appeal *solely* on the grounds that, while the statute applied to Ferguson, the statute was nevertheless unconstitutional – and on no

- 6 -

other grounds. The trial court approved the conditional guilty plea based on this agreed-upon condition. During the plea colloquy, the trial court confirmed with Ferguson that he understood that he was "waiving all except [his] right to challenge the . . . motion to dismiss the indictment that the Court just ruled on the constitutionality." Indeed, it was a guilty plea, from which a defendant, of course, cannot appeal, unless there is a conditional guilty plea. Johnson, 38 Va. App. at 143. Therefore, because Ferguson did not condition his guilty plea on the basis that he be permitted to appeal the trial court's decision that the statute criminalized his conduct, we cannot reach that argument on appeal.[5]

Failure to Assign Error

This Court is also precluded from addressing the argument that the statute's language does not criminalize Ferguson's conduct because Ferguson did not even assign error to that issue. Pursuant to Rule 5A:12, "Only assignments of error assigned in the petition for appeal will be noticed by this Court." The Supreme Court and this Court have interpreted Rule 5A:12 as prohibiting this Court from addressing issues to which the appellant did not assign error. Commonwealth v. Brown, 279 Va. 235, 241 (2010); see also McLean v. Commonwealth, 30 Va. App. 322, 329 (1999) (*en banc*) ("Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal."). In Brown, the Supreme Court actually

---

[5] Rather than reviewing the assignment of error that was the basis of the conditional guilty plea (and that was granted by this Court), Judge Petty's concurrence seeks to broaden this Court's scope of review by examining whether the statute even applies to Ferguson. Ferguson's conditional guilty plea was conditioned on his right to argue to this Court that "Code § 18.2-366 is unconstitutional *when* it criminalizes sexual relations between adults not related by blood." (Emphasis added). Judge Petty's concurrence considers the converse of Ferguson's actual assignment of error and his conditional guilty plea by deciding this case on the basis that Code § 18.2-366 does *not* prohibit sexual relations between adults not related by blood – and, therefore, does not apply to Ferguson's conduct here. Because this argument was not ever made to the trial court, was not the subject of the conditional guilty plea agreement between Ferguson, the Commonwealth, and the trial court, and was never argued on brief to this Court, we cannot reach it on appeal. Doing so would require us to violate Rules 5A:18, 5A:12, and 5A:20, and the latter two Rules have no "ends of justice" exception.

reversed the decision of the Court of Appeals where the Court of Appeals had restated appellant's question presented, broadening it to encompass the grounds on which this Court ultimately relied to reverse the judgment of the circuit court. Brown, 279 Va. at 241. The Supreme Court held that the Court of Appeals was prohibited from rephrasing or recasting an appellant's questions presented (now assignments of error) in order to address arguments not made to it by the appellant. Id. at 241-42.

In this case, Ferguson did not assign error to the argument that the statute does not criminalize his conduct. He also did not brief it, therefore, also violating Rule 5A:20. In fact, Ferguson's assignment of error actually assumes that the statute *does* criminalize his behavior (i.e., prohibiting fornication between a stepfather and adult stepdaughter) when his assignment of error states that Code § 18.2-366 "criminalizes sexual relations between adults not related by blood." Therefore, the statutory interpretation issue is not properly before this Court, and we cannot consider it. Furthermore, unlike Rule 5A:18, neither Rule 5A:12 nor Rule 5A:20 contains an "ends of justice" exception that might permit us to consider the matter.

Until the parties received notice from this Court asking them to address the interpretation of the statute, the only argument repeatedly made throughout this litigation was that the statute *does* criminalize incest between a stepfather and his eighteen-year-old stepdaughter and that, because it criminalizes this relationship, it is unconstitutional. Therefore, for the purposes of this appeal, in order to address the sole matter on which Ferguson conditioned his appeal, we assume without deciding that Code § 18.2-366 criminalizes sexual intercourse between an adult

stepfather and his eighteen-year-old stepdaughter,[6] and we consider the arguments presented by the parties regarding Ferguson's assertion that he has a constitutional right to engage in sexual intercourse with his eighteen-year-old stepdaughter.

Constitutionality of Code § 18.2-366

"We review questions of statutory constitutionality de novo." Toghill v. Commonwealth, 289 Va. 220, 227 (2015). "The party challenging an enactment has the burden of proving that the statute is unconstitutional, and every reasonable doubt regarding the constitutionality of a legislative enactment must be resolved in favor of its validity." Vesilind v. Virginia State Bd. of Elections, 295 Va. 427, 444 (2018). "All legislative acts are 'presumed to be constitutional.'" Boyd v. Cty. of Henrico, 42 Va. App. 495, 506 (2004) (en banc) (quoting In re Phillips, 265 Va. 81, 85 (2003)). "This presumption is 'one of the strongest known to the law.'" Id. at 507 (quoting Harrison v. Day, 200 Va. 764, 770 (1959)).

Ferguson argues that Code § 18.2-366 unconstitutionally criminalizes consensual sexual relations between two consenting adults. He contends that the United States Supreme Court's decision in Lawrence v. Texas, 539 U.S. 558 (2003), and the Virginia Supreme Court's decision in Martin v. Ziheri, 269 Va. 35 (2005), recognized a liberty interest in private sexual conduct between two consenting adults not related by blood. He claims that this liberty interest encompasses his right to have sexual intercourse with his eighteen-year-old stepdaughter.

---

[6] Although Judge Petty's concurrence expresses a concern that our analysis is advisory, that concern is unfounded. We do not opine on the actual meaning of the statute but rather we only assume without deciding in order to answer the only question presented to us (i.e., whether the statute is constitutional when criminalizing sexual relations between a stepfather and a stepdaughter who has reached the age of majority). Because this appeal arises from a conditional guilty plea, we fear that deciding this appeal on a basis other than that upon which Ferguson conditioned his guilty plea would actually be an advisory opinion. "Because the very 'nature of judicial review constrains us to consider the case that is actually before us," we decline to decide this case by offering an advisory opinion. Tucek v. Commonwealth, 44 Va. App. 613, 616 (2004) (quoting Boyd v. Cty. of Henrico, 42 Va. App. 495, 520 (2004) (en banc)). See also Capitol Square Review and Advisory Bd. v. Pinette, 515 U.S. 753, 760 (1995).

Contrary to Ferguson's argument, there is no constitutional right for a stepfather to engage in sexual intercourse with his eighteen-year-old stepdaughter, and a statute prohibiting it that is enacted by the people's elected representatives in the General Assembly is constitutional.[7] In Lawrence, the United States Supreme Court held that a Texas statute that criminalized homosexual conduct was unconstitutional because it prohibited two unrelated adult males from engaging in private, consensual sodomy. Lawrence, 539 U.S. at 578. The Supreme Court stated that the "right to liberty under the Due Process Clause gives [the petitioners] the full right to engage in their conduct without intervention of the government." Id. However, the Supreme Court was careful to note that Lawrence was a case involving "two adults who, with full and mutual consent from each other, engaged in sexual practices common to a homosexual lifestyle" and that the case did not "involve minors[,] . . . persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused . . . [or] public conduct or prostitution." Id. The United States Supreme Court, employing a rational basis review, concluded that the Texas statute "furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." Id.

Both this Court and the Supreme Court have addressed the limiting language in Lawrence and found that certain categories of relationships do not fall within the protections of the liberty interest discussed by the United States Supreme Court in that case. See Toghill v. Commonwealth, 289 Va. 220, 230 (2015) (rejecting argument that Lawrence afforded constitutional right for adults to engage in sodomy with minors); Warren v. Commonwealth, 69

---

[7] The question before this Court is not whether sexual intercourse between stepparents and adult stepchildren is an activity that should be criminalized. That is the question before the members of the legislative branch who make the laws and are elected by the people. The question before the courts is whether it is constitutional for the popularly elected members of the General Assembly to enact a statute prohibiting this conduct. We can only judge whether a statute violates the words and provisions of the Constitution.

Va. App. 659, 669 (2019) (providing that Lawrence did not invalidate Virginia's statutory prohibition against bestiality). Similarly, we hold that Ferguson's sexual relationship with his eighteen-year-old stepdaughter is not protected by the liberty interest recognized in Lawrence or Martin[8] because it falls into one of the categories of relationships specifically *excluded* by Lawrence – relationships where one party "might be injured or coerced" or "where consent might not easily be refused." See Lawrence, 539 U.S. at 578.

The United States Court of Appeals for the Sixth Circuit reached this same conclusion when it considered the habeas petition of a stepfather imprisoned, under Ohio's statute prohibiting incest, for engaging in sexual intercourse with his twenty-two-year-old stepdaughter. Lowe v. Swanson, 663 F.3d 258, 264 (6th Cir. 2011). Like Ferguson, Lowe relied on Lawrence and argued that Ohio's statute was unconstitutional because he had a constitutionally protected right to engage in private sexual conduct with his adult stepdaughter. The Sixth Circuit disagreed, stating that "[u]nlike sexual relationships between unrelated same-sex adults, the stepparent-stepchild relationship is the kind of relationship in which a person might be injured or coerced or where consent might not easily be refused, regardless of age, because of the inherent influence of the stepparent over the stepchild." Id.

The specific facts of this case now before us illustrate the inherent coercion involved with a sexual relationship between a stepparent and an eighteen-year-old stepchild. Although C.M. had reached the age of majority just prior to the date of the incest alleged in the indictment, the

---

[8] In Martin, the Supreme Court of Virginia held that Code § 18.2-344, which prohibited sexual intercourse between two unmarried adults, was unconstitutional. Martin, 269 Va. at 42. The Court relied on Lawrence to find that the statute was "unconstitutional because by subjecting certain private sexual conduct between two consenting adults to criminal penalties it infringes on the rights of adults to 'engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment to the Constitution.'" Id. (quoting Lawrence, 539 U.S. at 564). Like the Court in Lawrence, the Virginia Supreme Court likewise noted similar limitations in its holding. Id. at 42-43.

undisputed portion of the proffer of facts from the Commonwealth to the trial court established that Ferguson married C.M.'s mother and lived with C.M. for years while C.M. was a minor. The inference created by this undisputed portion of the proffer of facts is that Ferguson was in a position of authority and influence over C.M. before she reached adulthood and that this influence did not vanish the moment C.M. turned eighteen. See State v. Lowe, 861 N.E.2d 512, 517-18 (Ohio 2007) ("[P]arents do not cease being parents – whether natural parents, stepparents, or adoptive parents – when their minor child reaches the age of majority.").

In addition, unlike the Texas statute in Lawrence, which did not pass even rational basis review because it did not further a legitimate state interest, Code § 18.2-366's prohibition against incest between stepparents and stepchildren is rationally related to the Commonwealth's legitimate state interest in protecting the family unit[9] and the marriage.[10] "A sexual relationship between a parent and child or a stepparent and stepchild is especially destructive to the family unit." Lowe, 861 N.E.2d at 517. A statute prohibiting stepparents and stepchildren from engaging in sexual intercourse serves the legitimate state purpose of "protecting the family from the destructive influence of intra-family, extra-marital sexual contact." Lowe, 663 F.3d at 264. In this particular case, the relationship between Ferguson and C.M. caused the exact destruction that the statute was intended to prevent; C.M.'s mother filed for divorce from Ferguson, and

---

[9] "The generally accepted definition of a 'family' is 'a group of persons connected by blood, *by affinity*, or by law.'" Damon v. York, 54 Va. App. 544, 553 (2009) (emphasis added) (quoting Surles v. Mayer, 48 Va. App. 146, 164 n.6 (2006)). "[A] stepparent is related to the child by affinity, that is, 'by virtue of a marriage subsequent to that of which the person spoken of is the offspring.'" Id. (quoting Kogon v. Ulerick, 12 Va. App. 595, 598-99 (1991)) (internal citation omitted).

[10] Both parties agree that no fundamental right is implicated by Code § 18.2-366 and that this Court should use the rational basis test in deciding the statute's constitutionality.

- 12 -

C.M. and her mother became estranged.[11]  Consequently, because the statute is rationally related to a legitimate state interest, it is clearly constitutional.

### III. CONCLUSION

In short, the only issue this Court is permitted to review on appeal is the one that Ferguson asserted as a condition of his guilty plea – and to which he assigned error in his petition for appeal.[12]  Because that sole issue assigned as error on appeal assumes that Code § 18.2-366 criminalizes incest between stepparents and adult stepchildren, we assume without deciding for the purposes of handling this particular appeal that Code § 18.2-366 criminalizes that conduct regardless of the age of the stepchild.  Even with that assumption, the statute is *not* unconstitutional.

Ferguson has no constitutional right to engage in sexual intercourse with his eighteen-year-old stepdaughter.  This relationship between a thirty-eight-year-old stepfather and his young stepdaughter, who just turned eighteen, is inherently coercive, even if she did just recently attain majority age, because of the influence a stepparent can exert in that role.  The coercive nature of this relationship distinguishes this stepparent-stepchild relationship from the wholly consensual relationship of two adults who hold no sway over each other that was the situation in Lawrence (and in Martin).

Furthermore, while the United States Supreme Court found that the statute in Lawrence furthered no legitimate state interest, the statute in this case furthers the legitimate state interest of both protecting the marriage and protecting the integrity of the family unit.  Sexual

---

[11] Because Ferguson impregnated C.M., their child (to whom Ferguson was both the father and the stepgrandfather) was also affected by the disintegrated family unit.

[12] To decide this question based on appellant's truly eleventh-hour argument that the statute does not cover his actions here would require us to violate Rules 5A:18, 5A:12, and 5A:20, and the latter two Rules have no "ends of justice" exception.

relationships between stepparents and stepchildren are highly destructive to the stepparent's relationship with his or her spouse and to the maintenance of the broader family unit as a whole. Therefore, Code § 18.2-366 is rationally related to a legitimate state interest and, consequently, is constitutional as applied to Ferguson.

For all of these reasons, we uphold Ferguson's conviction for engaging in incest with his eighteen-year-old stepdaughter.

<u>Affirmed.</u>

Athey, J., concurring.

While I concur with Judge Beales' opinion for the reasons outlined in the majority opinion, I write separately simply to note that I believe there is merit to Judge Petty's statutory interpretation if this case were in a posture that would allow us to construe Code § 18.2-366.

As Judge Beales correctly notes in the majority opinion, we are prohibited from overturning this conditional guilty plea as a result of the statutory issue not being preserved in the trial court under Code § 19.2-254. In addition, neither Rule 5A:12 nor 5A:20 provides us with an "ends of justice" exception to use as a tool to prevent Ferguson's conviction in this case, under these circumstances. Thus, we are limited to the argument Ferguson preserved during his plea colloquy before the circuit court since "[o]nly those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." McLean v. Commonwealth, 30 Va. App. 322, 329 (1999) (*en banc*). For these reasons, I join in the majority opinion affirming the conviction.

However, if we could reach the statutory interpretation issue, I would agree with Judge Petty's interpretation of Code § 18.2-366. The first sentence of Code § 18.2-366(B) criminalizes sexual intercourse between a parent and their natural born child. It is not until the second sentence of Code § 18.2-366(B) that sexual behavior between stepparents and stepchildren is addressed. The prohibited criminal behavior in the second sentence is limited to sexual activity between a stepparent and stepchild when the child is between the ages of thirteen and eighteen. The disjunctive portion of this statute: criminalizing incest between parents and/or grandparents and their natural children and/or grandchildren; as well as sexual intercourse between parents and grandparents (natural or by affinity), and any child between the ages of thirteen and eighteen, clearly passes a rational basis test under Lawrence v. Texas, 539 U.S. 558 (2003), and thus would be constitutional. As a result, the plain meaning of the second sentence of Code

- 15 -

§ 18.2-366(B) would only apply to Ferguson, as a stepparent, if his stepchild was under the age of eighteen.  In this case, however, Ferguson entered a conditional guilty plea for violating the first sentence of Code § 18.2-366(B), which does not apply to a stepparent engaging in sexual relations with an adult stepchild.  Therefore, Ferguson could not have violated the portion of the statute for which he was found guilty.  However, as noted above, this case is not in a posture that allows us the opportunity to analyze Code § 18.2-366, and thus the conviction must be affirmed.

Petty, J., concurring in the judgment.

I concur with the majority that we must affirm Ferguson's conviction. I write separately, however, because I cannot concur with its reasoning. I believe the issue, the only issue, we must address is precisely the issue Ferguson reserved in his conditional guilty plea—namely, "whether the trial court erred in not dismissing the indictment on the basis that Code § 18.2-366 is unconstitutional because it criminalizes sexual relations between adults not related by blood."[13] Ferguson's argument is based upon the premise that the statute criminalizes sexual relations between adults not related by blood. This premise is false; therefore, the statute is constitutional.

Ferguson concedes he had sexual relations with his adult stepdaughter.[14] Ferguson argued to the trial court that the indictment should be dismissed on the basis that pursuant to Lawrence v. Texas, 539 U.S. 558 (2003), and Martin v. Ziherl, 269 Va. 35 (2005), a statute criminalizing fornication between consenting adults not related by blood is unconstitutional. I conclude the plain language of the statute does *not* criminalize such behavior, and Ferguson's argument is therefore meritless.

I begin with the lens through which we interpret statutes. "The Virginia Supreme Court has long held that 'when analyzing a statute, we must assume that "the legislature chose, with care, the words it used . . . and we are bound by those words as we [examine] the statute."'" Eley v. Commonwealth, 70 Va. App. 158, 163 (2019) (alterations in original) (quoting Doulgerakis v. Commonwealth, 61 Va. App. 417, 420 (2013)). "When the language of a statute

---

[13] Because Ferguson pled guilty, and there is no assignment of error challenging the sufficiency of the evidence, we are precluded from addressing whether his actions violated the statute.

[14] Many of the facts contained in the background section of the majority's opinion were taken from the Commonwealth's response to Ferguson's motion to dismiss. Those facts were neither proven in court nor made a part of the Commonwealth's proffer of evidence. Thus, I do not consider those facts to be before us, and, as the majority virtually concedes by ignoring them in its analysis, I do not consider them relevant to the issue before us.

is unambiguous, we are bound by the plain meaning of that language.  Furthermore, we must give effect to the legislature's intention *as expressed by the language* used unless a literal interpretation of the language would result in a manifest absurdity."  Hines v. Commonwealth, 59 Va. App. 567, 574 (2012) (emphasis added) (quoting Kozmina v. Commonwealth, 281 Va. 347, 349-50 (2011)).  "It is not the function of the courts to add to or amend clear statutory language."  Gilliam v. McGrady, 279 Va. 703, 709 (2010).  "In sum, '[c]ourts are not permitted to rewrite statutes.  This is a legislative function.  The manifest intention of the legislature, clearly disclosed by its language, must be applied.  There can be no departure from the words used where the intention is clear.'"  Epps v. Commonwealth, 47 Va. App. 687, 707 (2006) (*en banc*) (quoting Barr v. Town & Country Properties, Inc., 240 Va. 292, 295 (1990)).  Finally, "when different words are used in a statute, each must be given its own meaning if possible."  Johnson v. Commonwealth, 53 Va. App. 608, 613 (2009).

As applicable to this case Code § 18.2-366(B) creates two separate offenses.  The first sentence of that subsection makes it a Class 5 felony for "[a]ny person to commit fornication with his daughter . . . ."  The second sentence makes it a Class 3 felony if "a parent . . . commits . . . fornication with his or her child . . . ."  Code § 18.2-366(C) then defines the term "parent" to include "step-parent" and "child" to include "step-child."  Subsection C does not include the term "daughter" in its definition.

The words used in Code § 18.2-366 are clear and unambiguous.  The two sentences in subsection B contain different terminology; the first uses the term "daughter" and the second uses the term "child."  The first sentence uses the term "father"; the second uses "parent."  The definitions in subsection C only reference the terminology used in subsection B's second sentence.  Specifically, subsection C defines the terms parent, grandparent, and child in the second sentence to include their step counterparts.  The subsection does not include definitions

- 18 -

for any of the terms listed in subsection B's first sentence: daughter, granddaughter, son, grandson, father, mother. Accepting that the legislature chose the section's wording with care, Eley, 70 Va. App. at 163, I conclude that "the manifest intention of the legislature, clearly disclosed by its language, must be applied," Epps, 47 Va. App. at 707. The legislature clearly identified two separate circumstances of conduct as two separate classes of felony. The first sentence of subsection B criminalizes the conduct of "[a]ny *person* who commits adultery or fornication with a daughter, granddaughter . . . son, grandson . . . father or mother." Code § 18.2-366(B) (emphasis added). Thus, under the first sentence of subsection B, a daughter could be convicted of fornication with her father, or vice versa, and there is no age component to the conduct. In contrast, the second sentence of subsection B criminalizes only the conduct of a "*parent* or *grandparent*" and specifies that the child or grandchild involved is between thirteen and eighteen years of age. Id. In this circumstance, then, the child involved is not subject to prosecution and must be a minor.[15]

Simply put, "we must give effect to the legislature's intention *as expressed by the language* used unless a literal interpretation of the language would result in a manifest absurdity." Hines, 59 Va. App. at 574 (emphasis added). Far from being a manifest absurdity, I would "presume the legislature acted with full knowledge of the law as it stood bearing on the subject," Cape Henry Towers, Inc. v. National Gypsum Co., 229 Va. 596, 600 (1985), including Lawrence and Martin, and by its word choice intended to prohibit sexual relations between a stepparent and stepchild only when the child was a minor. To construe the statute otherwise is to impermissibly "add to or amend the clear statutory language" of the statute. Gilliam, 279 Va. at 709.

---

[15] I note that the interpretation of the statute that the majority has "assume[d] without deciding," supra at 13, would lead to the absurd result of making criminal the actions of Ferguson's stepdaughter, as she would clearly be included in the term "any person."

Thus, Code § 18.2-366(B) did not unconstitutionally prohibit Ferguson's conduct with his adult stepdaughter. That is the only question before us. I understand the majority's desire to address what Ferguson thought the statute proscribed when he pled guilty, but that analysis is, at best, advisory because the statute does not criminalize that behavior. At worst, the majority's analysis impermissibly rewrites the statute so that "father" and "daughter" in subsection B's first sentence include "step-father" and "step-daughter," thus significantly altering the statute's meaning and scope.

The only question before this Court on appeal is whether the trial court erred in refusing to dismiss the indictment against Ferguson on the basis that Code § 18.2-366 unconstitutionally prohibits sexual relations between adult step-relations. Code § 18.2-366 does not prohibit the conduct. Ferguson's assignment of error is therefore without merit. Accordingly, I would affirm the conviction.