COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, AtLee and Senior Judge Annunziata
Argued by teleconference

UNPUBLISHED

RENZO TORCHIANI

MEMORANDUM OPINION* BY
v.        Record No. 1581-19-4          JUDGE RICHARD Y. ATLEE, JR.
                                        JUNE 2, 2020

SUZANNE SENSKE


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Victoria A.B. Willis, Judge

Mehagen D. McRae (Fayez Goriup McRae PLLC, on brief), for
appellant.

No brief or argument for appellee.


Appellant Renzo Torchiani appeals the Circuit Court of Stafford County's issuance of a

rule to show cause for his failure to pay court-ordered fees and costs to appellee Suzanne Senske.

The circuit court had entered three orders, each of which required Torchiani to pay Senske's

legal fees accrued during the pendency of his appeal from the juvenile and domestic relations

district ("J&DR") court to the circuit court. After the orders were entered, Torchiani withdrew

that appeal without making any payments to Senske. Torchiani argues that those circuit court

orders to pay attorneys' fees became moot or void *ab initio* once he withdrew his appeal and the

twenty-one-day period under Rule 1:1 expired. We disagree and affirm.

I. BACKGROUND

"[W]e view the evidence in the light most favorable to the prevailing party, granting it the

benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258 (2003).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Following litigation before the J&DR court, Torchiani filed with the circuit court a petition to modify child support and an appeal of a rule to show cause from the J&DR court. During the pendency of the appeal, the circuit court held several hearings, during which it ordered Torchiani to pay Senske's legal fees incurred in the process of litigating his appeal to the circuit court. Specifically, (1) a court order dated November 20, 2017, ordered him to pay legal fees of $1,500 by December 20, 2017; (2) a court order dated December 20, 2018, ordered him to pay legal fees of $1,125 by January 31, 2018; and (3) a court order dated January 16, 2018, ordered him to pay legal fees of $175 by February 15, 2018.

Torchiani later moved to withdraw his appeal. On October 4, 2018, the circuit court granted that motion, and it remanded the matter to the J&DR court. Spear v. Omary, 297 Va. 251, 253 (2019) (holding that under Code § 16.1-106.1(F), the case shall be remanded back to the J&DR court by operation of law, unless the circuit court expressly orders the case to remain in the circuit court). It is undisputed that Torchiani made no payments toward the collective $2,800 in legal fees ordered by the circuit court.

On May 16, 2019, Senske filed in the circuit court a petition for issuance of a rule to show cause for non-payment of the court-ordered attorneys' fees, along with a motion to reopen the matter in order for it to issue the rule to show cause. Torchiani moved to dismiss, asserting that the circuit court lacked jurisdiction. He argued that the withdrawal of the appeal divested the circuit court of any authority to adjudicate matters that had since been effectively remanded to the J&DR court and that the orders to pay attorneys' fees became moot or void *ab initio* once he withdrew his appeal and the twenty-one-day period under Rule 1:1 expired.

The circuit court denied Torchiani's motion to dismiss. It held that "if the court were to follow [Torchiani's] position, it would result in an injustice to the opposing party who incurred fees during an appeal filed by the opposing party, secured court orders for payment of those fees,

and then is left without remedy." It cited Code § 16.1-106.1(F) and the ends of justice in its ruling. Torchiani appeals to this Court.

## II. ANALYSIS

Because "[t]he facts in this case are not in dispute . . . the issue is one of pure statutory interpretation, 'a question of law . . . review[ed] *de novo*.'" Eley v. Commonwealth, 70 Va. App. 158, 162 (2019) (alterations but the first and second in original) (quoting Doulgerakis v. Commonwealth, 61 Va. App. 417, 419 (2013)).

Torchiani argues that the circuit court orders became void upon expiration of the twenty-one-day window after he withdrew his appeal because, under Code § 16.1-298(D), "[i]f an appeal to the circuit court is withdrawn in accordance with § 16.1-106.1, the judgment, order, or decree rendered by the juvenile court shall have the same legal effect as if no appeal had been noted."

Interpreting the language of Code § 16.1-298(D) *de novo*, the statute simply states that any J&DR court judgments on child support were in full effect upon Torchiani's withdrawal of his appeal to the circuit court. See Robert & Bertha Robinson Family, LLC v. Allen, 295 Va. 130, 151 (2018) ("The effect of a withdrawal is to leave the [lower court]'s decision untouched if the appeal is unperfected at the time a party seeks a withdrawal . . . ."). This language does not render the circuit court orders regarding legal fees incurred by the non-appealing party void *ab initio* and thus unenforceable as Torchiani argues. The statute he relies upon only speaks to the legal effect of J&DR orders upon withdrawal of an appeal, which here include any orders on the issue of child support and the J&DR court's rule to show cause. It does not speak to, or have any bearing on, the circuit court's powers to enforce its own orders regarding conduct that occurred before the circuit court. The legal fees Senske incurred responding to Torchiani's appeal did not

disappear when he withdrew that appeal, and thus Senske was entitled to seek enforcement of those orders and be compensated for those costs.

Torchiani argues that it was incumbent on Senske to object to the withdrawal of the appeal for those orders regarding fees to remain enforceable. He notes that Code § 16.1-106.1(F) says that upon the withdrawal of an appeal, the non-appealing party may request that the circuit court determine if they have a right to "additional relief in the circuit court which has accrued since the appeal was noted . . . ." This language "[g]rant[s] the circuit court the authority to consider post-appeal matters." Allen, 295 Va. at 147 n.19. The statute quite simply does not state what Torchiani alleges. In this case, the non-appealing party, Senske, did not need to make such a request, as the circuit court had already ordered Torchiani to pay the $2,800 in legal fees — the "additional relief" that Code § 16.1-106.1(F) contemplates was already granted.

III. CONCLUSION

For the foregoing reasons, the circuit court did not err in issuing a rule to show cause for non-payment of court-ordered fees.

Affirmed.